Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff SIDNEY NAIMAN and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, INC.,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Class Action** |

Plaintiff Sidney Naiman ("Plaintiff"), by his undersigned counsel, for this class action complaint against Total Merchant Services, Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Total Merchant Services" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. Nature of Action. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Total Merchant Services for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. PARTIES

2. Plaintiff Sidney Naiman is an individual residing in California, in this District.

3. Defendant Total Merchant Services, Inc. is a Delaware corporation with its principal place of business in Woodland Hills, California. Total Merchant Services is registered to do and is doing business in California and throughout the United States.

## III. JURISDICTION AND VENUE

4. Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

5. Personal Jurisdiction. This Court has personal jurisdiction over Total Merchant Services because it has submitted to California jurisdiction by registering with the Secretary of State to do business in this State, and a substantial part of the wrongful acts alleged in this Complaint were committed in California.

6. Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

7. Intradistrict Assignment. Assignment to this Division is proper pursuant to Civil L.R. 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in the County of Contra Costa.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A). The TCPA

provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

11. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 ¶ 33 (2012) (footnotes omitted).

13. The FCC regulations also "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 92-90, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

14. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 ¶ 1 (2013).

## V. FACTUAL ALLEGATIONS

### A. Factual Allegations Regarding Total Merchant Services

15. Total Merchant Services offers various payment technologies for businesses. *See* http://totalmerchantservices.com (last visited June 23, 2017).

16. Total Merchant Services "is a registered ISO/MSP of Wells Fargo Bank, N.A," i.e., an Independent Selling Organization / Member Service Provider of Wells Fargo Bank. *Id.*

17. One of Total Merchant Services' strategies for marketing its payment services involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

18. Total Merchant Services uses ATDS equipment that has the capacity to store or produce telephone numbers to be called, that includes autodialers and predictive dialers, and that plays a prerecorded message once the calls connect.

19. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

20. Total Merchant Services also make calls using an ATDS to cellular telephones whose owners, including Plaintiff, have not provided prior express written consent to receive such calls.

### B. Factual Allegations Regarding Plaintiff

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. Plaintiff's telephone number, (925) 935-XXXX, is registered to a cellular telephone service.

23. On June 16, 2017, the Plaintiff's telephone number was called with a pre-recorded message by Total Merchant Services or someone acting on its behalf.

24. The caller ID showed the telephone call was from (630) 246-4315.

25. When the call was answered, there was a lengthy pause and a click followed by silence before any voice came on the line, which indicated that the call was made using an ATDS.

26. Following the lengthy pause and extended silence, a prerecorded message played words to the effect that the call was being made to sell credit card processing services. The called party was instructed to press a button on his telephone for further information.

27. In an attempt to determine the identity of the caller, the recipient pressed the button for further information and was instructed by another prerecorded voice to leave a voice message with a telephone number.

28. Shortly after leaving his voice message, the Plaintiff received a call from "Perla", who gave her telephone number as (847) 469-1081, claimed she was with Total Merchant Services and proceeded to try to sell Total Merchant Services products.

29. After the phone call, Total Merchant Services sent Plaintiff a series of e-mails attempting to sell its products.

30. Plaintiff has never been a customer of Total Merchant Services, nor has he ever been interested in being a customer of Total Merchant Services.

31. Plaintiff did not provide prior express written consent to receive ATDS-generated or prerecorded calls from, or on behalf of, Total Merchant Services.

32. Plaintiff's privacy has been violated by the above-described call from, or on behalf of, Total Merchant Services. The call was an annoying, harassing nuisance.

33. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Total Merchant Services because their privacy has been violated, they were subjected to annoying and harassing calls that constituted a nuisance, and they were charged for incoming calls. The calls also occupied Plaintiff's cellular telephone line, rendering it unavailable for legitimate communication.

**C. Factual Allegations Regarding Additional Consumer Complaints**

34. Unfortunately, Plaintiff's experience with Total Merchant Services is not unique. Many others have lodged complaints after having received telemarketing calls from Total Merchant Services.

35. Total Merchant Services has previously been informed that it, or its agents, have been making pre-recorded calls to prospective customers' cellphones.

36. Despite this knowledge, Total Merchant Services continued their conduct.

37. For example, findwhocallsyou.com details the following complaint regarding calls from telephone number (941) 208-8241, which is the same caller ID that appeared on the pre-recorded call from Total Merchant Services to Plaintiff:

> Posted on 15 Jul 2016.
>
> Called my business line. Recorded message trying to sell some sort of merchant processing discount (credit cards). Too cheap to even start message at the beginning.

http://findwhocallsyou.com/9412088241 (last visited June 21, 2017).

38. 800notes.com also details complaints regarding calls from another caller ID that robocalled Plaintiff, (828) 548-6764:

> **DG**
> 30 Jul 2016
>
> Bottom feeding credit card merchant service.
>
> ....
>
> *Caller: Telemarketer*
>
> **arrr_beee**
> 21 Dec 2016
>
> Pre recorded message. I did not listen. ....
>
> *Caller: Telemarketer*

http://800notes.com/Phone.aspx/1-630-246-4315 (last visited June 23, 2017).

## VI. CLASS ACTION ALLEGATIONS

39. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of a national class ("Class") defined as follows:

> All persons to whom: (a) Total Merchant Services and/or a third party acting on Total Merchant Services' behalf made one or more non-emergency telephone calls; (b) promoting Total Merchant Services' goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (e) at any time in the period that begins four years before the date of filing this Complaint and ends at the date of trial.

Excluded from the Class are Total Merchant Services, any entity in which Total Merchant Services has a controlling interest or that has a controlling interest in Total Merchant Services, and Total Merchant Services' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

40. Numerosity. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

41. Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a. Whether Total Merchant Services and/or its affiliates or agents, and/or other persons or entities acting on Total Merchant Services' behalf, violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS and/or artificial or prerecorded voice;

b. Whether Total Merchant Services and/or its affiliates or agents, and/or other persons or entities acting on Total Merchant Services' behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a

cellular telephone number using an ATDS and/or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

c. Whether Total Merchant Services is liable for ATDS-generated and/or automated or prerecorded calls promoting Total Merchant Services' products or services made by Total Merchant Services' affiliates, agents, and/or other persons or entities acting on Total Merchant Services' behalf; and

d. Whether Total Merchant Services and/or its affiliates, agents, and/or other persons or entities acting on Total Merchant Services' behalf should be enjoined from violating the TCPA in the future.

42. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Total Merchant Services and are based on the same legal and remedial theories.

43. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor its counsel has interests that are contrary to or that conflict with those of the proposed Class.

44. Predominance. Total Merchant Services has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

45. Superiority. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Total Merchant Services to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Total Merchant Services is small because

the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

46. Injunctive and Declaratory Relief is Appropriate. Total Merchant Services has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII. FIRST CLAIM FOR RELIEF
## (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

47. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. The foregoing acts and omissions of Total Merchant Services and/or its affiliates or agents, and/or other persons or entities acting on Total Merchant Services' behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

49. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Total Merchant Services and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Total Merchant Services and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except

for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII. SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

51. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52. The foregoing acts and omissions of Total Merchant Services and/or its affiliates or agents, and/or other persons or entities acting on its behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

53. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Total Merchant Services and/or its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Total Merchant Services as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Total Merchant Services and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining Total Merchant Services and its affiliates, agents and related entities from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

## XI. SIGNATURE ATTESTATION

The ECF user filing this Complaint attests that concurrence in its filing has been obtained from each of the other signatories.

RESPECTFULLY SUBMITTED AND DATED this 5th day of July, 2017.

By: *__/s/ Jon B. Fougner__*
Jon B. Fougner

Edward A. Broderick
Email: ted@broderick-law.com
Anthony I. Paronich
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327
*Subject to Pro Hac Vice*

Matthew P. McCue
E-mail: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415

Facsimile: (508) 319-3077
*Subject to Pro Hac Vice*