## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| DR. TIMOTHY COLLINS and SIDNEY NAIMAN, individually and on behalf of all others similarly situated, | ) ) ) Case No. 4:17-cv-03806-CW |
| Plaintiffs, | ) ) ) FILED |
| v. | ) ) DEC 19 2017 |
| TOTAL MERCHANT SERVICES, INC., QUALITY MERCHANT SERVICES, INC. MICHAEL ALIMENTO and BOBBY POWERS | ) ) SUSAN Y. SOONG ) CLERK, U.S. DISTRICT COURT ) NORTHERN DISTRICT OF CALIFORNIA ) OAKLAND ) |
| Defendants. | ) |

## ANSWER OF QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO TO SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



NOW COMES the above-named Defendants, QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO, and as and for their Answer to the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief states as follows:

### I. INTRODUCTION

1.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 1. Nature of Action of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief , and, therefore, neither admits nor denies the same.

### II. PARTIES

2.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 2. of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief , and, therefore, neither admits nor denies the same.

3.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 3 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

4.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 4 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

5.      QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO admit the allegations of fact contained in paragraph 5 of the Plaintiff's Second Amended Complaint for Damages and Injunctive Relief.

6.      QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO admits that Defendant, MICHAEL ALIMENTO , is an individual residing in Illinois and admit that MICHAEL ALIMENTO is the Vice President of Quality Merchant Services, Inc.  Further answering QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO denies the remaining allegations of fact contained in paragraph 6 of the Plaintiff's Second Amended Complaint for Damages and Injunctive

7.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 7 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

### III.  JURISDICTION AND VENUE

8.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have

-2-

insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 8 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

9.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 9 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

10.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 10 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

11.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 11 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

IV.   THE TELEPHONE PROTECTION ACT OF 1991, 47 U.S.C. § 227

12.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 12 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

Automated Calls to Cellular Telephones

13.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact

contained in paragraph 13 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

14.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 14 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

15.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 15 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

16.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 16 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

17.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 17 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

18.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 18 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

The Transmission of Facsimile Advertisements

19.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 19 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

20.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 20 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

21.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 21 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

22.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 22 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

23.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 23 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

24.      QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO deny the allegations of fact contained in paragraph 24 of the Plaintiff's Second Amended Complaint for

Damages and Injunctive Relief. Further answering Defendants, Affirmatively state that Plaintiff, SIDNEY NAIMAN published his cell phone number for his business and left his cell phone number with Defendant, QUALITY MERCHANT SERVICE, INC, as a contact number requesting calls back to his cell phone.

25.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 25 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

26.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO deny the allegations of fact contained in paragraph 26 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

27.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO admit the allegations of fact contained in paragraph 27 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

28.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO deny the allegations of fact contained in paragraph 28 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

29.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 29 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

30.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact

contained in paragraph 30 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

      31.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 31 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

## V.  FACTUAL ALLEGATIONS

**A.   Factual Allegations Regarding Total Merchant Services.**

QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO do not respond to these allegations as they are not directed to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO.

**B.   Factual Allegations Regarding Plaintiff Dr. Collins**

QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO do not respond to these allegations as they are not directed to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO.

**C.   Factual Allegations Regarding Plaintiff Naiman**

QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO do not respond to these allegations as they are not directed to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO.

**D.   Factual Allegations Regarding Additional Consumer Complaints**

      68.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact

contained in paragraph 68 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

69.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 69 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

70.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 70 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

71.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 71 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

72.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 72 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

## VI.  TOTAL MERCHANTS LIABILITY AND ITS ARRANGEMENT WITH QUALITY MERCHANT

QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO do not respond to these allegations as they are not direct to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO.

-8-

## VII.   TOTAL MERCHANT'S LIABILITY FOR THE FACSIMILE ADVERTISING OF BOBBY POWERS

QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO do not respond to these allegations as they are not direct to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO.

## VIII.   CLASS ACTION ALLEGATIONS

95.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 95 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

96.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 96 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

97.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 97 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

98.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 98 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

99.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have

insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 99 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

100.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 100 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

101.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 101of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

102.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO have insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 102 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief, and, therefore, neither admits nor denies the same.

## IX.  FIRST CLAIM FOR RELIEF

103.    Defendants, QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO   reallege and   incorporate each and every response set forth in the preceding paragraphs.

104.    As to QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO they deny the allegations of fact contained in paragraph 104 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

-10-

105.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO  deny the allegations of fact, as directed to them,  contained in paragraph 105 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

106.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO,  deny the allegations of fact, as directed to them, contained in paragraph 106 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

## X.   SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(A)**

107.     Defendants, QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO, reallege and   incorporate each and every response set forth in the preceding paragraphs.

108.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO  deny the allegations of fact, as directed to them, contained in paragraph 108 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

109.     QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO,  deny the allegations of fact, as directed to them,  contained in paragraph 109 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

## XI.   THIRD CLAIM FOR RELIEF
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C., § 227 (b)(1)(A))**

110.     Defendants, QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO, reallege and   incorporate each and every response set forth in the preceding paragraphs.

-11-

111.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO  deny the allegations of fact as directed to them  contained in paragraph 111 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

112.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO  deny the allegations of fact as directed to them  contained in paragraph 112 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

113.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO  deny the allegations of fact as directed to them contained in paragraph 113 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

## XII.    FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47, U.S.C. § 227(b)(1)(A))

114.    Defendants, QUALITY  MERCHANT  SERVICES,  INC,  and  MICHAEL ALIMENTO, reallege and  incorporate each and every response set forth in the preceding paragraphs.

115.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO, deny the allegations of fact as directed to them, contained in paragraph 115 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

116.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO, deny the allegations of fact, as directed to them, contained in paragraph 116 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

117.    QUALITY MERCHANT SERVICES, INC, and MICHAEL ALIMENTO, deny the allegations of fact, as directed to them,  contained in paragraph 117 of the Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief.

-12-

## XIII.    PRAYER FOR RELIEF

WHEREFORE, Defendants,  QUALITY MERCHANT SERVICES, INC. and MICHAEL

ALIMENTO, pray that Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief

be dismissed and for such other and , and for such other and further relief as the Court deems just

and proper.

QUALITY MERCHANT SERVICES, INC.

By: _____

MICHAEL ALIMENTO, Vice President


_____

MICHAEL ALIMENTO, individually


QUALITY MERCHANT SERVICES, INC.
MICHAEL ALIMENTO
850 Meadow View Crossing
Unit 16B
West Chicago, Illinois 60185