Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

Anthony I. Paronich
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (508) 221-1510
Facsimile:   (617) 830-0327

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DR. TIMOTHY COLLINS and SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, INC., QUALITY MERCHANT SERVICES, INC. MICHAEL ALIMENTO and BOBBY POWERS<br><br>Defendants. | Case No. 4:17-cv-03806-CW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed:  July 5, 2017<br><br>DATE:            February 6, 2018<br>TIME:            2:30 p.m.<br>LOCATION:  TBD |

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

- 1 -

1  TO:     THE CLERK OF THE COURT; and

2  TO:     DEFENDANTS QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO:

PLEASE TAKE NOTICE that on February 6, 2018, at 2:30 p.m., in a courtroom to be assigned prior to the hearing of the Oakland Courthouse for the U.S. District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, Plaintiff will move to compel discovery responses and responsive documents from Quality Merchant Services, Inc. and Michael Alimento.

This motion will be based on: the following Memorandum of Points and Authorities, the Declaration Anthony I. Paronich, the records and file in this action; and on such other matter as may be presented before or at the hearing of the motion.

### STATEMENT OF ISSUES TO BE DECIDED

1. Should the defendants, who have ignored the discovery propounded on them, be compelled to provide responses and are the discovery requests propounded related to appropriate areas of discovery?

### STATEMENT OF RELEVANT FACTS CIVIL L.R. 37-1(A) CERTIFICATION

Plaintiffs Sidney Naiman filed this action against Total Merchant Services, Inc. alleging that it hired co-defendants Quality Merchant Services, Inc. and its owner Michael Alimento to send pre-recorded telemarketing calls in violation of the Telephone Consumer Protection Act,

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

- 2 -

47 U.S.C. § 227 *et seq.* ("TCPA") in order to generate new business.[1] *See* Declaration of Anthony I. Paronich at ¶ 2. In order to identify the other individuals who were sent pre-recorded messages, Quality's process for complying with the TCPA, Mr. Alimento's personal liability, and Quality's relationship with Total Merchant Services, the Plaintiff served discovery on Mr. Alimento and Quality Merchant Services, Inc on November 12, 2017. *Id.* at ¶ 4. To date, and despite repeated attempts to confer by the plaintiffs, neither Mr. Alimento nor Quality Merchant Services, Inc. has provided any discovery responses or responsive documents. *Id.* at ¶ 5.

## ARGUMENT AND SPECIFIC DISCOVERY REQUESTS AND RESPONSES PURSUANT TO CIVIL L.R. 37.2

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Here, Quality Merchant Services and Mr. Alimento have simply not

---

[1] The Plaintiffs' Complaint also alleges that Mr. Bobby Powers sent unsolicited facsimile advertisements on behalf of Total Merchant in violation of the TCPA, but that claim is not implicated in this motion.

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

participated in the discovery process, and as demonstrated below, the Plaintiff has served requests on both parties that are necessary for class certification and trial in this matter.

### A. Discovery Requests to Quality

### 1. Outbound Dialing Lists and Records

**REQUEST FOR PRODUCTION NO. 9:** Please produce all DOCUMENTS or ESI related to YOUR records of any telemarketing calls made by YOU, or on YOUR behalf, during the RELEVANT TIME PERIOD, including, but not limited to, the following:
    a.    The date and time each call was made;
    b.    The number of calls made;
    c.    The telephone numbers and area codes of each call;
    d.    The result of each call (i.e., live answer, answering machine, voicemail, hang up, etc.);
    e.    The duration of each call;
    f.    Identifying information for the PERSON(S) called (e.g., name, address, email address, etc.) and, if different, identifying information for the PERSON(S) to whom the calls were intended to be made;
    g.    The dialing mode each call was made in (e.g., predictive mode, preview mode, manually, etc.);
    h.    The telephone numbers for all outgoing telephone lines that were used in making the calls;
    i.    The identity of the telephone companies or carriers that were used to make the calls; and
    j.    All recordings of any calls or pre-recorded messages used to make those calls.
    k.    Any other information regarding the calls (e.g., reports, data compilations, verifications, opt-in or opt-out records, transmission reports, recordings, etc.).

**REQUEST FOR PRODUCTION NO. 11:** Please produce all DOCUMENTS or ESI related to YOUR records of any leads generated for or provided to YOU for telemarketing purposes during the RELEVANT TIME PERIOD, including, but not limited to, the dates the leads were generated, the number of leads, and their source.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all DOCUMENTS or ESI related to the system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to make telemarketing calls promoting YOUR products or services, or to store data about telemarketing calls promoting YOUR products or services or leads used for such telemarketing purposes. This Request specifically includes, but is not limited to, any and all manuals or guides for such system(s), platform(s), and/or equipment.

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

**INTERROGATORY NO. 4:** IDENTIFY all THIRD PARTIES or VENDORS whose work relates to telemarketing or the tracking or aggregation of data related to telemarketing, and DESCRIBE the services each such THIRD PARTY or VENDOR performs for YOU.

RESPONSE: NONE

Plainitff Naiman's claim is under the TCPA, which makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). 47 U.S.C. § 227(b)(3). Mr. Naiman and his counsel need records of the pre-recorded messages used, the list of individuals called and the records of those calls in order to have his expert identify putative class members and an amount of alleged violations for class certification and for trial.

Many courts have found "the outbound call list [to be] reasonably calculated to identify the number of recipients of calls made during the class period, which is relevant to Rule 23 requirements[,]" despite a defendant's overbreadth, privacy and possession objections, and here, no such objection exists. *Thrasher v. CMRE Fin. Servs., Inc.*, 2015 WL 1138469, at **2-3 (S.D. Cal. Mar. 13, 2015). *See Gossett v. CMRE Fin. Servs., Inc.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. Oct. 30, 2015) ("the outbound calls lists are relevant to the class claims and meritorious claims and defenses in this case…"), *Gaines v. Law Office of Patenaude & Felix, APC*, No. 13cv1556-JLS(DHB), 2014 WL 3894348, at *2 (S.D. Cal. June 12, 2014) ("the Court finds that

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

the outbound dial list is relevant to the issue of numerosity and commonality under the Federal Rule of Civil Procedure 23(a), and is therefore discoverable."); *see also Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13CV1556-JLS DHB, 2014 WL 3894340, at *1 (S.D. Cal. Aug. 7, 2014) ("[T]he outbound dial list was to be produced in a searchable electronic format, and that the list was to be a complete, unfiltered list that contained all the numbers dialed."). Document Request No. 3 and Interrogatory No. 4 will identify if this information is with any third parties, as well as any other third parties identified in the telemarketing process of Quality.

This information is relevant to both class certification and merits; indeed, this is the crux of the case at trial because from the outbound dial list, it can be determined how many calls were made to cell phones which determines liability and damages. *See Khalilpour v. Cellco Partnership*, 2010 WL 1267749, at *2 (N.D. Cal. April 1, 2010) (The disclosure of names, addresses, and telephone numbers "is a common practice in the class action context."). The requested documents will provide a means to ascertain which of the numbers dialed within the statutory term are cellular numbers called by an autodialer or pre-recorded message and thus, is relevant in ascertaining potential Class members, substantiating class allegations, but also, importantly, obtaining the evidence necessary to prove his case at trial. *See Knutson v. Schwan's Home Serv.*, No. 12cv964-GPC (DHB), 2013 WL 1222116, at *2 (S.D. Cal. Mar. 25, 2013).

**2. Documents and Process Evidencing Prior Express Consent, Procurement of Phone Numbers for Automatic Dialing.**

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all DOCUMENTS or ESI related to any DATABASES, lists, or other computer systems or equipment YOU use to maintain records of a PERSON'S purported consent to receive calls promoting YOUR products or services on a cellular telephone. This Request specifically includes, but is not limited to, any and all manuals or guides for such computer systems or equipment as well

CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO

as all DOCUMENTS or ESI YOU relied on to formulate YOUR Answer to Interrogatory No. 2 or 3.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all DOCUMENTS or ESI in YOUR possession demonstrating that any PERSON, including PLAINTIFFS, gave prior express consent to receive calls promoting YOUR products or services on their cellular telephones.

RESPONSE: NONE

An affirmative defense to a TCPA claim that a call was made with a pre-recorded message is that the call recipient gave their "prior express consent". *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). A defendant must provide evidence that they "clearly and unmistakably" provided prior express consent to receive calls on his cellular telephone via an "artificial or prerecorded voice" and/or an "automatic telephone dialing system." *See Stemple v. QC Holdings, Inc.,* 2013 U.S. Dist. LEXIS 99582, at *22 (S.D. Cal. June 17, 2013) (ordering production of "any and all communications, written or otherwise, on which Defendant would rely on at trial or other hearing, to show prior express consent was given for all cellular numbers that were actually dialed within the statutory term.")." As the Court held in *Thrasher*, "if [defendant] intends to rely on its [] affirmative defense of prior express consent at trial, then it has the burden to prove it has consent to call the phone numbers at issue." *Thrasher*, 2015 WL 1138469, at *6 (citations omitted). Similarly here, if Quality claims it made any of its pre-recorded message calls with consent, it should provide information documenting that consent, and it should do so prior to class certification. *See Gaines*, 2014 WL 3894348, at *4 ("The Court finds the information sought by Plaintiffs is relevant. "Prior express consent" is an affirmative defense that defendants in TCPA cases have the burden to prove...As this defense is

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

- 7 -

likely to be raised as an issue in the certification proceeding, the Court finds Plaintiff's discovery requests are appropriate").

### 3. Consumer Complaints Related to Defendant's Phone Calls and TCPA Compliance Documents.

**REQUEST FOR PRODUCTION NO. 29:** Please produce any and all complaints made to YOU concerning telemarketing and or lead generation by YOU, or any VENDOR promoting YOUR products or services, including, but not limited to, lists or DATABASE(S) containing complaints, the content of complaints, and the names, addresses, telephone numbers, and email addresses of all PERSONS known to have made complaints. This Request specifically includes any complaints to YOU by mail, email, or telephone; submitted through online forms or social media; submitted to any government agency; submitted to any other organization such as the Better Business Bureau, Chamber of Commerce, or other consumer advice or protection organization; or any other organization of any kind. (Note: This request is limited to requests and complaints that were either made directly to YOU or that YOU were notified about.)

**REQUEST FOR PRODUCTION NO. 16:** Please produce all DOCUMENTS or ESI evidencing any and all POLICIES related to telemarketing, and a timeline indicating the periods during which each such POLICY was in effect. This request specifically includes, but is not limited to, POLICIES related to compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227, including, but not limited to, the rules, regulations, opinions, advisories, comments, or filings of the Federal Communications Commission that relate to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2) & (d) as well as obtaining or verifying prior express consent; and the handling of do-not-call requests.

RESPONSE: NONE

Information related to complaints against Defendant or its' agents related to the phone calls at issue in Plaintiff's complaint is directly relevant to Defendant's willful violation of the TCPA. *See Kaufman v. ACS Sys., Inc.*, 110 Cal. App. 4th 886, 896 (2003) (The court may impose treble damages for willful or knowing violations.) If prior complaints have been made against Quality TCPA violations, Plaintiff has a right to know and will introduce that evidence at trial. Further, Defendant's procedures for complying with the TCPA which have has been found

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

to be relevant in TCPA actions. *See Kane v. National Action Finance Services*, No. 11-11505, 2012 WL 1658643, at *2-5 (E.D. Mich. May, 11, 2012) (ordering a defendant to produce documents relating to its procedures for complying with the TCPA).

### B. Discovery Requests to Mr. Alimento

**REQUEST FOR PRODUCTION NO. 19:** Please produce all DOCUMENTS and communications that relate to Total Merchant Services from January 1, 2014 forward.

**REQUEST FOR PRODUCTION NO. 24:** Please produce copies of all materials, business plans, memoranda, minutes, or other DOCUMENTS or ESI that reference telemarketing and/or generating leads, including any such materials directed to THIRD PARTIES.

**INTERROGATORY NO. 9:** IDENTIFY all individuals and third parties with knowledge of QUALITY MERCHANT using pre-recorded messages to promote goods or services, as well as the substance of that knowledge.

RESPONSE: NONE

Under the TCPA individuals may be personally liable for the acts alleged in violation of the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.") Here, the plaintiffs have propounded discovery requests that explore Mr. Alimento's personal involvement and/or authorization in the pre-recorded message telemarketing campaign.

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

- 9 -

The plaintiffs have also issued discovery for the communications between defendants dating back to 2014.[2] For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995). On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." This is the basis for plaintiffs' assertion that Total Merchant Services is liable for the pre-recorded telemarketing conduct of Quality Merchant. The plaintiffs will need documents about the relationship between the parties to explore if Total Merchant is vicariously liable. *See Kristensen v. Credit Payment Servs.*, No. 2:12-cv-0528-APG-PAL, 2014 U.S. Dist. LEXIS 165489 (D. Nev. Nov. 24, 2014) (granting motion to compel seeking discovery related to vicarious liability under the TCPA) In fact, the May 2013 FCC Ruling explicitly states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46).

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs' motion should be granted and a proposed Order is attached as <u>Exhibit 1</u>.

---

[2] The basis for this temporal limitation is that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues").

**CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO**

RESPECTFULLY SUBMITTED AND DATED this 20th day of December, 2017.

By:  */s/ Anthony I. Paronich*
     Anthony I. Paronich

CERTIFICATE OF SERVICE

I, Anthony I. Paronich, hereby certify that on December 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record. I have also sent the defendants who are not registered through the CM/ECF system an electronic copy.

BRODERICK & PARONICH, P.C.

By: */s/ Anthony I. Paronich*
    Anthony I. Paronich, *Admitted Pro Hac Vice*
    Email:  anthony@broderick-law.com
    99 High Street, Suite 304
    Boston, Massachusetts 02110
    Telephone:  (617) 738-7080

*Attorney for Plaintiff*

CASE NO. 3:17-CV-03806-CW – PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM QUALITY MERCHANT SERVICES, INC. AND MICHAEL ALIMENTO