RYAN B. POLK  (SBN: 230769)
rpolk@grsm.com
KEVIN LIU  (SBM: 295287)
kliu@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

PAUL GAMBOA  (appearing *pro hac vice*)
pagamboa@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Telephone:  (312) 980-6790

Attorney for Defendants
QUALITY MERCHANT SERVICES, INC. AND
MICHAEL ALIMENTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| DR. TIMOTHY COLLINS and SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TOTAL MERCHANT SERVICES, INC., QUALITY MERCHANT SERVICES, INC., MICHAEL ALIMENTO and BOBBY POWERS,<br><br>　　　　　　　　　　Defendants. | CASE NO. 4:17-cv-03806-CW<br><br>**QUALITY MERCHANT SERVICES, INC.'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendant, QUALITY MERCHANT SERVICES, INC. ("QMS"), hereby answers Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief as follows:

**I. INTRODUCTION**

1.  Paragraph 1 of Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief ("SAC") is an introductory paragraph that does not contain any allegations.  As

-1-
**ANSWER OF QUALITY MERCHANT SERVICES, INC. TO SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**CASE NO. 4:17-CV-03806-CW**

such, QUALITY MERCHANT SERVICES, INC. neither admits nor denies the same.

## II.  PARTIES

2.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 2 of the SAC and, therefore, neither admits nor denies the same.

3.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 3 of the SAC, and, therefore, neither admits nor denies the same.

4.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 4 of the SAC, and, therefore, neither admits nor denies the same.

5.     QUALITY MERCHANT SERVICES, INC. admits the allegations of fact contained in paragraph 5 of the SAC.

6.     QUALITY MERCHANT SERVICES, INC. admits that Defendant Michael Alimento is an individual residing in Illinois and that he is the Vice President of Quality Merchant Services, Inc.  QUALITY MERCHANT SERVICES, INC. denies the remaining allegations of fact contained in paragraph 6 of the SAC.

7.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 7 of the SAC, and, therefore, neither admits nor denies the same.

## III.     JURISDICTION AND VENUE

8.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 8 of the SAC, and, therefore, neither admits nor denies the same.

9.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 9 of the SAC, and, therefore, neither admits nor denies the same.

10.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 10 of the SAC, and, therefore, neither admits nor denies the same.

11.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 11 of the SAC, and, therefore, neither admits nor denies the same.

### IV.   THE TELEPHONE PROTECTION ACT OF 1991, 47 U.S.C. § 227

12.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 12 of the SAC, and, therefore, neither admits nor denies the same.

<u>Automated Calls to Cellular Telephones</u>

13.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 13 of the SAC, and, therefore, neither admits nor denies the same.

14.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 14 of the SAC, and, therefore, neither admits nor denies the same.

15.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 15 of the SAC, and, therefore, neither admits nor denies the same.

16.	QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon

which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 16 of the SAC, and, therefore, neither admits nor denies the same.

17.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 17 of the SAC, and, therefore, neither admits nor denies the same.

18.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 18 of the SAC, and, therefore, neither admits nor denies the same.

The Transmission of Facsimile Advertisements

19.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 19 of the SAC, and, therefore, neither admits nor denies the same.

20.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 20 of the SAC, and, therefore, neither admits nor denies the same.

21.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 21 of the SAC, and, therefore, neither admits nor denies the same.

22.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 22 of the SAC, and, therefore, neither admits nor denies the same.

23.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 23 of the SAC, and, therefore, neither admits nor denies the same.

24. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact contained in paragraph 24 of the SAC. Further QAULITY MERCHANT SERVICES, INC. states that Plaintiff, SIDNEY NAIMAN published his cell phone number for his business and left his cell phone number with Defendant, QUALITY MERCHANT SERVICES, INC., as a contact number requesting calls back to his cell phone.

25. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 25 of the SAC, and, therefore, neither admits nor denies the same.

26. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact contained in paragraph 26 of the SAC.

27. QUALITY MERCHANT SERVICES, INC. admits the allegations of fact contained in paragraph 27 of the SAC.

28. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact contained in paragraph 28 of the SAC.

29. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 29 of the SAC, and, therefore, neither admits nor denies the same.

30. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 30 of the SAC, and, therefore, neither admits nor denies the same.

31. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 31 of the SAC, and, therefore, neither admits nor denies the same.

## V.     FACTUAL ALLEGATIONS

**A.**     **Factual Allegations Regarding Total Merchant Services.**

32-40. QUALITY MERCHANT SERVICES, INC. does not respond to the allegations of fact contained in paragraphs 32 to 40 of the SAC as they are not directed to QUALITY MERCHANT SERVICES, INC. or MICHAEL ALIMENTO.

**B.**     **Factual Allegations Regarding Plaintiff Dr. Collins**

41-54. QUALITY MERCHANT SERVICES, INC. does not respond to the allegations of fact contained in paragraphs 41 to 54 of the SAC as they are not directed to QUALITY MERCHANT SERVICES, INC. or MICHAEL ALIMENTO.

**C.**     **Factual Allegations Regarding Plaintiff Naiman**

55-67. QUALITY MERCHANT SERVICES, INC. does not respond to the allegations of fact contained in paragraphs 55 to 67 of the SAC as they are not directed to QUALITY MERCHANT SERVICES, INC. or MICHAEL ALIMENTO.

**D.**     **Factual Allegations Regarding Additional Consumer Complaints**

68.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 68 of the SAC, and, therefore, neither admits nor denies the same.

69.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 69 of the SAC, and, therefore, neither admits nor denies the same.

70.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 70 of the SAC, and, therefore, neither admits nor denies the same.

71.     QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 71

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the SAC, and, therefore, neither admits nor denies the same.

72. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 72 of the SAC, and, therefore, neither admits nor denies the same.

## VI. TOTAL MERCHANTS LIABILITY AND ITS ARRANGEMENT WITH QUALITY MERCHANT

73-84. QUALITY MERCHANT SERVICES, INC. does not respond to the allegations of fact contained in paragraphs 73 to 84 of the SAC as they are not directed to QUALITY MERCHANT SERVICES, INC. or MICHAEL ALIMENTO.

## VII. TOTAL MERCHANT'S LIABILITY FOR THE FACSIMILE ADVERTISING OF BOBBY POWERS

85-94. QUALITY MERCHANT SERVICES, INC. does not respond to the allegations of fact contained in paragraphs 85 to 94 of the SAC as they are not directed to QUALITY MERCHANT SERVICES, INC. or MICHAEL ALIMENTO.

## VIII. CLASS ACTION ALLEGATIONS

95. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 95 of the SAC, and, therefore, neither admits nor denies the same.

96. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 96 of the SAC, and, therefore, neither admits nor denies the same.

97. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 97 of the SAC, and, therefore, neither admits nor denies the same.

98. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 98 of the SAC, and, therefore, neither admits nor denies the same.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

99. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 99 of the SAC, and, therefore, neither admits nor denies the same.

100. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 100 of the SAC, and, therefore, neither admits nor denies the same.

101. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 101 of the SAC, and, therefore, neither admits nor denies the same.

102. QUALITY MERCHANT SERVICES, INC. has insufficient knowledge upon which to base a belief as to the truth or falsity of the allegations of fact contained in paragraph 102 of the SAC, and, therefore, neither admits nor denies the same.

## IX.  FIRST CLAIM FOR RELIEF

103. QUALITY MERCHANT SERVICES, INC. realleges and incorporates each and every response set forth in the preceding paragraphs.

104. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 104 of the SAC.

105. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 105 of the SAC.

106. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 106 of the SAC.

## X.   SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(A)**

107.   QUALITY MERCHANT SERVICES, INC. realleges and incorporates each and every response set forth in the preceding paragraphs.

108.   QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 108 of the SAC.

109.   QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 109 of the SAC.

## THIRD CLAIM FOR RELIEF
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C., § 227 (b)(i)(A))**

110.   QUALITY MERCHANT SERVICES, INC. realleges and incorporates each and every response set forth in the preceding paragraphs.

111.   QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 111 of the SAC.

112.   QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 112 of the SAC.

113.   QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 113 of the SAC.

## XII.   FOURTH CLAIM FOR RELIEF
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47, U.S.C. § 227(b)(1)(A))**

114.   QUALITY MERCHANT SERVICES, INC. realleges and incorporates each and

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

every response set forth in the preceding paragraphs.

115. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 115 of the SAC.

116. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 116 of the SAC.

117. QUALITY MERCHANT SERVICES, INC. denies the allegations of fact as to QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO contained in paragraph 117 of the SAC.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant QUALITY MERCHANT SERVICES, INC. prays that Plaintiffs' Second Amended Complaint for Damages and Injunctive Relief be dismissed and for such other further relief as the Court deems just and proper.

Dated:  March 16, 2018                GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Kevin Liu*
Ryan B. Polk
rpolk@grsm.com
Kevin Liu
rpolk@grsm.com
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
P: 415-986-5900

Paul Gamboa (appearing *pro hac vice*)
pagamboa@grsm.com
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Suite 800
Chicago, IL 60606
P:  (312) 980-6790

Attorneys for Defendants QUALITY MERCHANT SERVICES, INC. and MICHAEL ALIMENTO

-10-
**ANSWER OF QUALITY MERCHANT SERVICES, INC. TO SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**CASE NO. 4:17-CV-03806-CW**