RYAN B. POLK (SBN: 230769)
rpolk@grsm.com
KEVIN LIU (SBM: 295287)
kliu@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorney for Defendants
QUALITY MERCHANT SERVICES, INC. AND
MICHAEL ALIMENTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| DR. TIMOTHY COLLINS and SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, INC., QUALITY MERCHANT SERVICES, INC., MICHAEL ALIMENTO and BOBBY POWERS,<br><br>Defendants. | CASE NO. 4:17-cv-03806-CW<br><br>**QUALITY MERCHANT SERVICES, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**<br><br>The Honorable Claudia Wilken<br><br>Action Filed:   7/5/17<br>Trial Date:    Unassigned |

**DEFENDANT QUALITY MERCHANT SERVICES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Quality Merchant Services, Inc. ("Defendant" or "QMS"), by and through its attorneys, Gordon & Rees, LLP, hereby objects and responds to Plaintiff's Interrogatories as follows:

**INTERROGATORY NO. 1**: IDENTIFY each and every PERSON who provided the information to answer these interrogatories, and specify each interrogatory or interrogatories about which each such PERSON had information.

-1-
DEFENDANT QUALITY MERCHANT SERVICES, INC.'S RESPONSES TO PLAINTIFF'S
INTERROGATORIES
CASE NO. 4:17-CV-0386-CW

**RESPONSE TO INTERROGATORY NO. 1**: Brian Alimento, President of Quality Merchant Services, Inc. ("QMS"), and Michael Alimento, Vice President of QMS, answered these interrogatories with the assistance of counsel.

**INTERROGATORY NO. 2**: IDENTIFY any DATABASES, lists, or other computer systems or equipment YOU, or any THIRD PARTY, use to maintain records of a PERSON'S purported consent to receive calls from YOU on a cellular telephone.

**RESPONSE TO INTERROGATORY NO. 2**: Defendant objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret.

Subject to and without waiving the foregoing Objection, none.

**INTERROGATORY NO. 3**: IDENTIFY any DATABASES, lists, or other computer systems or equipment YOU, or any THIRD PARTY or VENDOR, use to record a PERSON'S revocation of consent to receive calls from YOU on a cellular telephone.

**RESPONSE TO INTERROGATORY NO. 3**: Defendant objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret.

Subject to and without waiving the foregoing Objections, none.

**INTERROGATORY NO. 4**: IDENTIFY all THIRD PARTIES or VENDORS whose work relates to telemarketing or the tracking or aggregation of data related to telemarketing, and DESCRIBE the services each such THIRD PARTY or VENDOR performs for YOU.

**RESPONSE TO INTERROGATORY NO. 4**: Defendant objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret. Defendant additionally objects to the instant interrogatory on the basis that it is vague and not properly limited in time or scope.

Subject to and without waiving the foregoing Objections, QMS purchases sales leads, which are eventually used in its own telemarketing business, from Salesgenie.com.

**INTERROGATORY NO. 5**: DESCRIBE any and all POLICIES related to telemarketing,

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

including, but not limited to, generating leads for purposes of telemarketing, that were provided by YOU to any THIRD PARTIES or VENDORS identified in Interrogatory No. 4.

**RESPONSE TO INTERROGATORY NO. 5**: Defendant objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret. Defendant additionally objects to the instant interrogatory on the basis that it is vague and not properly limited in time or scope.

Subject to and without waiving the foregoing Objections, none.

**INTERROGATORY NO. 6**: DESCRIBE any and all POLICIES related to telemarketing, including, but not limited to, generating leads for purposes of telemarketing.

**RESPONSE TO INTERROGATORY NO. 6**: None.

**INTERROGATORY NO. 7**: IDENTIFY and provide all contact information YOU have for the individuals or entities that physically dialed the calls to the PLAINTIFFS alleged in his Complaint and identify their job responsibilities.

**RESPONSE TO INTERROGATORY NO. 7**: Perla Valle, account executive, physically made a telephone call to Plaintiff Sidney Naiman.

**INTERROGATORY NO. 8**: State whether any documents responsive to the Request for Production of Documents (served contemporaneously herewith) have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

(a) identify each and every document that was destroyed or lost, or is unaccounted for;

(b) state when you believe the document(s) was destroyed or lost, or became unaccounted for;

(c) state what reason or explanation you have, if any, for the destruction or loss of or inability to account for the document(s) identified in sub-part (a); and

(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 8**: Defendant objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret. Defendant additionally objects to the instant interrogatory on the basis that it is vague, overbroad, and not properly limited in time or scope.

Subject to and without waiving the foregoing Objections, answering upon information and belief, Salesgenie.com may have records of sales leads purchased by QMS during the time period at issue, and Winleads may also have records of telephone calls placed by QMS during the time period at issue. Investigation continues.

**INTERROGATORY NO. 9**: IDENTIFY all individuals and third parties with knowledge of QUALITY MERCHANT using pre-recorded messages to promote goods or services, as well as the substance of that knowledge.

**RESPONSE TO INTERROGATORY NO. 9**: Defendant objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret. Defendant additionally objects to the instant interrogatory to the extent that it calls for the identification of information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing Objections, answering upon information and belief, Brian Alimento and Michael Alimento (QMS Vice-President) have knowledge of QMS's telemarketing practices. Answering further upon information and belief, subject to and without waiving those objections, it is possible that certain persons at Spitfire and Winleads may have information responsive to this request. Investigation continues.

**INTERROGATORY NO. 10**: For any telephone or call detail records produced in response to any of the PLAINTIFFS' interrogatories or document requests, provide:

    a.    Identifying information for the person you were trying to reach (e.g., name, business name, address, email, fax number, all phone numbers);

b. The source(s) where you obtained the telephone number called, including the nature of such relationship and the facts and circumstances surrounding such; and

c. Identification of the equipment, third party, and/or software used to make the call (e.g., Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location of the call origination/dialer.

**RESPONSE TO INTERROGATORY NO. 10**: Defendant objects to this Interrogatory to the extent it seeks information that is confidential and/or proprietary, or otherwise constitutes a trade secret.

Subject to and without waiving the foregoing Objections, with respect to subparagraph (a), pursuant to Fed. R. Civ. P. 33, please see the documents produced herewith; with respect to subparagraph (b), those telephone numbers were all sales leads purchased from Salesgenie.com; with respect to subparagraph (c), in the event that those telephone numbers were not manually or physically dialed, QMS used Winleads or Spitfire equipment. Investigation continues.

Dated: February 19, 2018

GORDON REES SCULLY MANSUKHANI, LLP

By: ___/s/ Kevin Liu_____
Ryan B. Polk
rpolk@grsm.com
Kevin Liu
rpolk@grsm.com
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
P: 415-986-5900

Attorneys for Defendants
QUALITY MERCHANT SERVICES, INC. and
MICHAEL ALIMENTO

# VERIFICATION

Brian Alimento, being duly sworn, deposes and states that he is the President of QMS, that he signs the foregoing Objections and Answers to Plaintiff's Interrogatories and is duly authorized to do so, that he has read the foregoing Interrogatories and responses thereto and knows the contents thereof, and that certain of the matters stated in such responses are not within his personal knowledge. These responses were prepared with the assistance of employees and counsel for QMS, upon whom he has relied. The responses are subject to inadvertent and undiscovered error and are based upon and necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of preparation of such responses. The affiant further states that Brian Alimento and QMS reserve the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available, and that subject to the limitations set forth herein, such responses are true to the best of his knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 16, 2018 in West Chicago, IL.

_____
Brian Alimento