UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>TOTAL MERCHANT SERVICES, INC. and QUALITY MERCHANT SERVICES, INC.,<br><br>           Defendants. | Case No. 4:17-cv-03806-CW |

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement" or "Settlement Agreement") is entered into as of August ___, 2018 by and among Sidney Naiman ("Plaintiff"), individually and on behalf of the class of persons he seeks to represent (the "Settlement Class," defined below), and Total Merchant Services, Inc. ("Defendant") (Plaintiff, the Settlement Class, and Defendant collectively, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle this Action (defined below) and the Released Claims (defined below) with prejudice, upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

36036317v1

## RECITALS

A.      On July 5, 2017, Plaintiff filed a putative class action complaint (the "Complaint," Dkt. No. 1) against Defendant. The Complaint alleged that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by making unsolicited telemarketing calls to Plaintiff and members of the putative class on telephone numbers assigned to wireless subscribers using an automated telephone dialing system or an artificial or prerecorded voice.

B.      On November 7, 2017, Plaintiff filed a Second Amended Complaint ("SAC," Dkt. No. 41), the operative pleading, against Defendant, as well as Quality Merchant Services, Inc. ("Quality"), Michael Alimento and Bobby Powers (the "Action"). The SAC made, *inter alia*, substantially similar allegations that the defendants had violated the TCPA by making unsolicited telemarketing calls to Plaintiff and members of the putative class on telephone numbers assigned to wireless subscribers using an automated telephone dialing system or an artificial or prerecorded voice.

C.      Defendant denied and continues to deny Plaintiff's allegations in the SAC and maintains that it complied with the TCPA and all applicable laws to the extent it made any telephone calls at issue in the Action. Defendant further maintains that if this Action were to be litigated, the Action would not be appropriate for class treatment. Defendant is entering into this Agreement to avoid the expense, time, and risk associated with the continued defense of the Action through dispositive motions, class certification, trial, and any subsequent appeals. Defendant and its counsel also have considered the uncertainty, difficulty, and delays inherent in litigation, especially in complex class actions. Therefore, Defendant and its counsel believe it is desirable that this Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Neither the fact of

Settlement, this Agreement, nor any consideration therefor, nor any actions taken to implement the terms of this Agreement are intended to be, nor may they be, deemed or construed to be an admission or concession of liability or of the validity of any claim or of any point of law or fact based upon, arising out of, relating to, or otherwise in connection with the allegations asserted or that could have been asserted in this Action, and shall not be deemed or construed to be an admission or evidence for any purpose whatsoever.

D.    Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against Defendant through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Plaintiff's counsel also have considered the uncertainty, difficulties, and delays inherent in litigation, especially in complex class actions. Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, which they have confirmed by consulting with their own expert and by performing discovery, Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

E.    The Parties have engaged in wide-ranging discovery, have extensively investigated the facts and issues related to the allegations asserted in the Action, and have sufficient information to evaluate the Settlement and this Agreement. The Parties participated in a full-day mediation session in Tampa, Florida on July 24, 2018 with Peter Grilli. While the

mediation session didn't end in a settlement, the Parties continued to pursue subsequent, good-faith, arms-length settlement negotiations that resulted in an agreement on the material terms of this Settlement Agreement.

F.      The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of the disputed allegations, facts, and claims alleged or that could have been alleged in this Action. The Parties further understand, acknowledge, and agree that this Settlement Agreement, including all terms hereof, shall be inadmissible as evidence against any of the Parties in any proceeding whatsoever except any such proceeding to enforce the terms of this Settlement Agreement. The Parties further understand, acknowledge, and agree that this Settlement Agreement is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement  The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims based upon, arising out of, related to, or otherwise in connection with the allegation in this Action as set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their undersigned respective counsel, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and without admitting or conceding any liability or damages based upon, arising out of, related to, or otherwise in connection with the allegations asserted in this Action, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

As used in this Agreement and the exhibits attached hereto, the terms set forth below shall have the meanings set forth below. The singular of a term shall include the plural of the term, and the plural of a term shall include the singular of the term. A masculine, feminine, or neuter pronoun shall include each of the other genders.

## 1.    DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    "**Action**" means the matter of *Sidney Naiman v. Total Merchant Services, Inc.*, Civil Action No. 4:17-cv-03806-CW, currently pending in the United States District Court for the Northern District of California.

1.2    "**Agreement**" or "**Settlement Agreement**" means this Class Action Settlement Agreement.

1.3    "**Attorneys' Fees and Costs**" means all fees, costs, and expenses to be awarded to Class Counsel, if any, as per this Settlement Agreement pursuant to the Fee and Cost Application. The Attorneys Fees and Costs shall be paid exclusively from the Settlement Fund.

1.4    "**Benefits Check**" means the negotiable instrument to be sent to the Settlement Class Members by the Settlement Administrator pursuant to Section 4.3 of this Settlement Agreement.

1.5    "**CAFA Notice**" means the notice contemplated by the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Settlement Administrator pursuant to this Settlement Agreement.

1.6    **"Cash Benefits"** means the cash payment to a Settlement Class Member from the Settlement Fund pursuant to this Settlement Agreement.

1.7    **"Claim Deadline"** means the date stated in the Postcard Notice, the Claim Form, and the Long Form Notice by which claims must be postmarked.

1.8    **"Claim Form"** means the claim form attached hereto as <u>Exhibit 4</u>, which shall be posted to the Settlement Website and will be available via mail to Settlement Class Members upon request

1.9    **"Class Counsel"** means:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>                   -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>                   -and-
> Jon Bernhard Fougner
> 600 California Street, 11th Floor
> San Francisco, CA 94108
>                   -and-
> Andrew Heidarpour
> Heidarpour Law Firm
> 1300 Pennsylvania Ave NW
> 190-318
> Washington, DC 20004

1.10    **"Class List"** means the information provided by Class Counsel and Defendant's Counsel to the Settlement Administrator, which includes, among other things, the telephone numbers, names and addresses, where available, of the Settlement Class members.

36036317v1

1.11    "**Class Notice**" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including, but not limited to, the Postcard Notice, Claim Form, and Long Form Notice.

1.12    "**Class Period**" means the time period of July 5, 2013 through **June 8, 2018**.

1.13    "**Class Representative**" or "**Plaintiff**" means Sidney Naiman.

1.14    "**Court**" means the United States District Court for the Northern District of California.

1.15    "**Cy-Pres Recipient**" means any third party nominated by the Court to receive the amounts left from any un-cashed Benefit Checks. The Parties agree that they will propose to the Court the National Consumer Law Center to be the Cy-Pres Recipient.

1.16    "**Defendant**" means Total Merchant Services, Inc. as defined herein.

1.17    "**Defendant's Counsel**" means:

> Beth-Ann E. Krimsky
> Lawren A. Zann
> GREENSPOON MARDER LLP
> 200 E. Broward Boulevard, Suite 1800
> Fort Lauderdale, FL 33301

1.18    "**Effective Date**" means the first date by which *all* of the following events have occurred: (i) the Court entering the Final Approval Order and Judgment without material change; and (ii) the expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal, and the exhaustion of all appeals; and (iii) the Final Approval Order and Judgment has become Final.

Class Action Settlement Agreement

1.19   **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel. The Fee Award shall be paid exclusively from the Settlement Fund.

1.20   **"Fee and Cost Application"** means that written motion or application, if any, by which Plaintiff or Class Counsel request the Court award Attorneys Fees' and Costs and the Incentive Award.

1.21   **"Final"** means that the Final Approval Order and Judgment has been entered in the Action and one (1) business day has passed following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; (ii) if there is an appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion of such appeal or appeals in a manner that finally affirms and leaves in place the Final Approval Order and Judgment; or (iii) the date the Court, following the resolution of any appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, enters a further order or orders approving the Settlement without material modification of the terms set forth herein, and no further appeal is taken from such order(s) or, in the event any further appeal is taken from such order(s), any such appeal results in the affirmation of such order(s). Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

1.22   **"Final Approval Hearing"** means the hearing before the Court, scheduled to take place no sooner than one hundred (100) days after the filing of the Motion for Preliminary

Approval, at which: (i) the Parties shall request and the Court shall consider final approval of the Settlement, final certification of the Settlement Class, and entry of the Final Approval Order and Judgment; (ii) the Court shall consider any timely objection to this Settlement and all responses thereto; (iii) the Court shall consider the Fee and Cost Application; and (iv) the Court shall dismiss the Action with prejudice.

1.23    **"Final Approval Order and Judgment"** means the Court's final approval of this Settlement Agreement through an order, substantially in the form of Exhibit 1 attached hereto without material change, to be entered by the Court through the entry of an order following the Final Approval Hearing in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice. The form of the Final Approval Order and Judgment is a material term of this Settlement Agreement.

1.24    **"Total Merchant Services, Inc."** means Total Merchant Services, Inc. and any and all of its present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which Total Merchant Services, Inc. has a controlling interest, and any and all of their officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, and agents (specifically limited to those representatives and agents involved with or related to the alleged conduct in this action, namely, Quality Merchant Services, Inc.).

1.25    **"Incentive Award"** means the payment to the Class Representative pursuant to this Settlement Agreement. The Incentive Award shall be paid exclusively from the Settlement Fund.

36036317v1

1.26    **"Long Form Notice"** means the notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of <u>Exhibit 2</u> hereto, or in such similar form as may be ordered by the Court. The Long Form Notice shall be made available on the Settlement Website.

1.27    **"Objection/Exclusion Deadline"** means the date no later than eighty-one (81) calendar days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, by which (i) a written objection to this Settlement Agreement must be filed in the Action, or (ii) a Request for Exclusion must be postmarked. The Objection/Exclusion Deadline shall be posted to the Settlement Website described in this Settlement Agreement.

1.28    **"Parties"** means Plaintiff, the Settlement Class, and Defendant.

1.29    **"Person"** means any natural person, firm, corporation, limited liability company, partnership, limited liability partnership, professional association, unincorporated association, or other form of legal entity or government body.

1.30    **"Postcard Notice"** means the postcard notice that is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of <u>Exhibit 3</u> hereto, or in such similar form as may be ordered by the Court.

1.31    **"Preliminary Approval Order"** means the Court's preliminary approval of this Settlement through entry of a Court order, substantially in the form of <u>Exhibit 4</u> attached hereto without material modification, in which the Court: (i) preliminarily approves the terms and conditions of this Settlement Agreement as fair and reasonable; (ii) certifies the Settlement Class solely for settlement purposes; (iii) approves the manner and form of Class Notice; (iv) authorizes the dissemination of Class Notice to the Settlement Class; (v) directs the manner in which and deadline by which Settlement Class Members may submit a Request for Exclusion;

Class Action Settlement Agreement

36036317v1

(vi) appoints the Settlement Administrator; and (vii) schedules a Final Approval Hearing. The Form of the Preliminary Approval Order is a material term of this Settlement Agreement.

1.32    "**Release**" means the releases set forth in Section 6 of this Settlement Agreement.

1.33    "**Released Claims**" means the claims released pursuant to Section 6 of this Settlement Agreement.

1.34    "**Released Parties**" means Defendant and any and all of its present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which Defendant has a controlling interest, and any of its officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, and agents (specifically limited to those representatives and agents involved with or related to the alleged conduct in this action, namely Quality Merchant Services, Inc., Michael Alimento, and Brian Alimento).

1.35    "**Releasing Parties**" means Plaintiff and each Settlement Class Member, and their respective present, former, or subsequent assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, and any other Person acting on their behalf.

1.36    "**Request for Exclusion**" means the written submission submitted by any Person in the Settlement Class to opt out of the Settlement pursuant to this Settlement Agreement.

1.37    "**SAC**" means the Second Amended Complaint filed in this Action by Plaintiff, Dr. Timothy Collins, and Class Counsel, Dkt. No. 41.

1.38    "**Settlement**" means the settlement contemplated by this Agreement, including all Exhibits attached hereto.

1.39   **"Settlement Administration Expenses"** means any and all fees, costs, and expenses incurred by the Settlement Administrator, including, but not limited to, such fees, costs, and expenses incurred in disseminating Class Notice and CAFA Notice, publishing Class Notice, creating, administering, maintaining, and hosting the Settlement Website, and providing Benefit Checks and Cash Benefits to Settlement Class Members. Settlement Administration Expenses shall be paid exclusively from the Settlement Fund. Settlement Administration Expenses shall be subject to the written approval of Class Counsel and Defendant's Counsel, not to be unreasonably withheld.

1.40   **"Settlement Administrator"** means Epiq Class Action & Claims Solutions, Inc.

1.41   **"Settlement Class"** means all persons within the United States to whom Quality Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made a telephone call through the Spitfire dialing software and/or system (*i.e.*, an automated telephone dialing system or an artificial or prerecorded voice) to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call for the purpose of promoting Defendant's goods or services from July 5, 2013 through **June 8, 2018**. These individuals are identified on the Class List. Excluded from the Settlement Class are the following: (1) any trial judge who may preside over this Action; (ii) Defendant; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing Persons; (vi) any member of the Settlement Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; and (vii) any Person who has previously given a valid release of the claims asserted in the Action.

1.42   **"Settlement Class Member"** means Plaintiff and any Person who is in the Settlement Class and who has not submitted a valid Request for Exclusion by the

36036317v1

Objection/Exclusion Deadline (whether or not such members submit a claim pursuant to Section 5 of this Settlement Agreement) pursuant to this Settlement Agreement.

1.43   **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to Settlement Class Members, after payment to the appropriate persons of Settlement Administration Expenses, any Fee Award for any Attorneys' Fees and Costs, any Incentive Award, and any other expenditure as may be authorized by the Court.

1.44   **"Settlement Fund"** means the common fund of Seven Million Five Hundred Thousand Dollars ($7,500,000), which will be the total aggregate amount that Defendant shall be obligated to pay pursuant to the terms of this Settlement Agreement and the Settlement, if approved, including, but not limited to, Section 4 of this Settlement Agreement. The Settlement Fund shall be used to pay any and all: (i) Settlement Class Recovery to Settlement Class Members; (ii) Settlement Administration Expenses; (iii) Fee Award for Attorneys' Fees and Costs; (iv) Incentive Award; and (v) Cy-Pres Recipients.

1.45   **"Settlement Website"** means the internet website to be created, operated, maintained, and hosted by the Settlement Administrator pursuant to this Settlement Agreement.

1.46   **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any and all rules and regulations promulgated thereunder.

## 2.   CERTIFICATION OF SETTLEMENT CLASS FOR SETTLEMENT ONLY

2.1.   The Parties hereby agree, subject to the approval of the Court, the Action shall be deemed, for purposes of settlement only, to satisfy the requirements for class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) and shall be certified as a class for settlement purposes only. Defendant has agreed to certification of the Settlement Class for settlement purposes only. Any class certification order entered in this Action pursuant to the

36036317v1

Settlement or this Agreement, or otherwise, shall not constitute a waiver or admission, in this or in any other proceeding, by Defendant of a finding or evidence that Plaintiff's claims, claims of any Person in the Settlement Class, or any Released Claims are appropriate for class treatment or that any requirement for class certification is otherwise satisfied in this Action. In the event that the Settlement or this Agreement does not become effective, either because the Effective Date does not occur for any reason whatsoever or because the Agreement is later determined or declared to be null and void, in part or in full, the Court's Preliminary Approval Order certifying the Settlement Class for settlement purposes shall be null and void and shall no longer be in effect, in which case, Defendant in no way waives its rights to challenge Plaintiff's allegations that a class may be certified in this Action.

2.2     As provided in this Agreement, any Person in the Settlement Class individually may elect to opt out of the Settlement Class, within the time and in the manner specified in the Class Notice and the Preliminary Approval Order, with the effect that the rights of each such Person in the Settlement Class who opts out shall not be affected by the Settlement and this Agreement. Except for Persons in the Settlement Class who are deceased or incapacitated, such opt-out rights may only be exercised individually by a Person in the Settlement Class, and not by any other Person in a representative capacity.

3.      **NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION**

3.1     **Defendant's Denial of Wrongdoing or Liability**. Defendant has asserted and continues to assert many defenses in this Action and has expressly denied and continues to deny any fault, wrongdoing, or liability whatsoever based upon, arising out of, relating to, or otherwise in connection with the conduct alleged in the Action. Defendant expressly denied and continues to deny fault, wrongdoing, and liability whatsoever, as well as the validity of each of

Class Action Settlement Agreement

the claims and prayers for relief asserted in the Action. Defendant expressly acknowledges and agrees that neither the fact of, nor any provision contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendant's willingness to enter into the Settlement and this Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement and this Agreement shall constitute or be construed as an admission by or against Defendant or any of the Released Parties of any fault, wrongdoing, violation of law or liability whatsoever, the validity of the claims or allegations in the Action, or any infirmity of any defenses asserted by the Defendant in the Action.

3.2 **No Admission by Defendant of Elements of Class Certification.** Defendant expressly denied and continues to deny that a class should be certified other than for purposes of the Settlement and reserves its rights to contest any class certification motion. Defendant contends that this Action could not be certified as a class action under Federal Rule of Civil Procedure 23. Nothing in this Agreement shall be construed as an admission by Defendant or any of the Released Parties that this Action or any similar class is amenable to class certification. Furthermore, nothing in this Agreement shall prevent Defendant from opposing class certification or seeking decertification of the conditionally certified Settlement Class if the Final Approval Order and Judgment is not obtained, or not upheld on appeal, including review by the United States Supreme Court.

4. **SETTLEMENT RELIEF**

4.1 **Settlement Fund.** Defendant agrees to deposit a total amount of Seven Million Five Hundred Thousand Dollars ($7,500,000) into the Settlement Fund, which Settlement Fund shall be established and maintained by the Settlement Administrator for the benefit of the

36036317v1

Settlement Class, Class Representative, and Class Counsel. The Settlement Fund is to be established and maintained for the explicit purpose of issuing and/or paying the Settlement Class Recovery, Benefit Checks, and Cash Benefits with respect to all Settlement Class Members, all Settlement Administration Expenses, any Incentive Award to the Class Representative, any Fee Award for Attorneys' Fees and Costs to Class Counsel, and any other expenditure authorized by the Court. Defendant shall fund the first Five Hundred Thousand Dollars ($500,000) of the Settlement Fund within ten (10) days following entry of the Preliminary Approval Order. Defendant shall fund the remaining Seven Million Dollars ($7,000,000) of the Settlement Fund within thirty (30) days following entry of the Final Approval Order and Judgment. All of the monies deposited by Defendant into the Settlement Fund shall be placed into an interest-bearing escrow account established and maintained by the Settlement Administrator. The interest generated on the monies deposited by Defendant into the Settlement Fund shall, if any, accrue to the benefit of the Settlement Class and shall be added to the Settlement Fund.

4.2     **Remedial Measures**. Defendant agrees that it will take the remedial step, and indeed has taken the remedial step, of terminating its relationship with Quality Merchant Services, Inc. and Michael Alimento.

4.3     **Payments from the Settlement Fund**

a.      The total amount distributed to the Settlement Class shall be the Settlement Class Recovery. Any distribution of the Settlement Class Recovery to the Settlement Class Members or any other Person shall commence only after the Effective Date. The Settlement Administration Expenses, Fee Award for Attorneys' Fees and Costs to Class Counsel, Incentive Award, and any other expenditure as may be authorized by the Court shall be paid from the Settlement Fund before any issuance of Benefit Checks and/or distribution of Cash

Benefits to the Settlement Class. No portion of the Settlement Fund shall be returned to Defendant except in the event of a termination of this Settlement Agreement pursuant to Section 10 of this Settlement Agreement. If for any reason this Settlement Agreement is not approved or the Effective Date does not occur, then no payments or distributions of any kind shall be made from the Settlement Fund and all monies in the Settlement Fund shall be immediately returned to Defendant.

b.      As soon as practicable but no later than sixty (60) days after the Effective Date or such other date after the Effective Date as the Court may order, the Settlement Administrator shall pay from the Settlement Fund the Settlement Class Recovery to all Settlement Class Members who file a valid claim pursuant to Section 5 of this Settlement Agreement on a *pro rata* basis based on the number of calls that were initiated to the Settlement Class Members as reflected by the Class List. Multiple subscribers and/or users of any unique telephone number shall be limited to a single recovery per call. A Settlement Class Member shall be awarded one share (singularly, a "Share," or in the aggregate, the "Shares") for each call initiated to his/her/its telephone number as reflected on the Class List. Each Share shall permit a Settlement Class Member to be paid, by a Benefit Check, a Cash Benefit equal to the net of the Settlement Class Recovery divided by the total number of Shares allocated to all Settlement Class Members who file a valid claim.

c.      All Benefit Checks issued to Settlement Class Members shall be mailed via first-class mail within five (5) business days of the date of issuance. The Benefit Check shall state on its face that the Benefit Check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. If any Settlement Class Member fails to cash any Benefit Check within ninety (90) days after the date of issuance, then the Settlement Class

36036317v1

Member shall forever waive and release his/her/its claim for payment under this Settlement Agreement.

        d.     If any amounts remain in the Settlement Fund because any Settlement Class Member fails to cash his/her/its Benefit Check, or such Benefit Check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the remaining Settlement Fund to the Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis (with pro ration based on Shares as set forth in Section 4.3(b) of this Settlement Agreement), if doing so is administratively and economically feasible. In the event such distribution is not administratively and economically feasible, any remaining Settlement Funds shall be distributed to the Cy-Pres Recipient.

## 5.    CLAIMS PROCESS AND DETERMINATION FOR ELIGIBILITY FOR COMPENSATION FROM CLASS SETTLEMENT RECOVERY

        5.1    As described in the Class Notice, any Class Member who seeks distribution from the Settlement Class Recovery as described in this Settlement Agreement must request and return a completed and signed Claim Form to the Settlement Administrator, postmarked before the Claims Deadline, to the address stated in the Class Notice. Any Settlement Class Member who fails to timely return a completed and signed Claim Form by the Claims Deadline shall not be eligible to participate in any distribution from the Settlement Class Recovery as described in this Settlement Agreement. Settlement Class Members who timely return a valid completed Claim Form will receive distribution(s) from the Settlement Class Recovery as described herein.

        5.2    The Settlement Administrator shall review all submitted Claim Forms to determine if such forms were signed and timely postmarked and otherwise comply with the requirements set forth in this Agreement. The Settlement Administrator shall review all submitted Claim Forms to determine if the submitting Person is eligible for distribution from the

Class Action Settlement Agreement

36036317v1

Settlement Class Recovery under this Agreement by confirming that the submitting Person's identity and/or information is reflected on the Class List. As necessary, the Settlement Administrator may contact such submitting Persons to gather additional or omitted information in order to determine their eligibility for distribution(s) from the Settlement Class Recovery.

     5.3    Within sixty (60) days after the Claims Deadline, the Settlement Administrator shall notify Class Counsel and Defendant's Counsel in writing of those Persons who have submitted a Claim Form that the Settlement Administrator has determined: (i) are untimely or not signed or otherwise fail to comply with any requirement set forth in this Agreement; and, on the other hand, (ii) are valid and proper such that the submitting Person is entitled to distribution from the Settlement Class Recovery described in this Settlement Agreement. Within thirty (30) days after such notice from the Settlement Administrator, Class Counsel and Defendant's Counsel shall send written notice to the other stating the sender's objections (if any) to any individual claims determinations of the Settlement Administrator. Objections not submitted within this time period will be deemed waived. Upon receipt of timely objections by either Party to such claim determinations of the Settlement Administrator, the Parties shall, in good faith, attempt to resolve such objections. Any such objections to claim determinations of the Settlement Administrator not resolved within thirty (30) days after notice of such objection is provided shall be submitted in writing to the Court for a final, binding, and non-appealable determination. Subject to the foregoing, the determination by the Settlement Administrator of the eligibility of any Person submitting a Claim Form for distribution from the Settlement Class Recovery shall be final and shall not be subject to any further review or appeal.

5.4     Those Persons who timely submit a valid Claim Form and who are determined to be eligible to receive distribution(s) from the Settlement Class Recovery shall receive such distributions pursuant to Section 4 of this Settlement Agreement.

5.5     Those Persons who submit a Claim Form who are not within the Settlement Class or whose Claim Forms the Settlement Administrator has determined are untimely or not signed or otherwise fail to comply with any requirement set forth in this Agreement shall be notified in writing by the Settlement Administrator that they are not eligible for distribution from the Settlement Class Recovery along with a brief statement about the reasons why he/she/it is ineligible.

5.6     The Settlement Administrator shall maintain records of all Claim Forms and all determinations of eligibility from, and the amount of distribution(s) of Settlement Class Recovery to, Settlement Class Members and shall make those records available for review upon the reasonable request of Class Counsel or Defendant's Counsel. The Settlement Administrator shall retain all records of Claim Forms, correspondence with all Persons submitting Claim Forms, and all Benefit Checks issued pursuant to this Settlement Agreement for a minimum period of one (1) year after the Effective Date.

6.     **RELEASES**

6.1     **Released Claims**. The Releasing Parties do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or

36036317v1

representative, arising out of or relating to any telemarketing, solicitation, or other marketing or dissemination that was made by or on behalf of Defendant promoting its goods or services, including the actual or alleged use of an automatic telephone dialing system or an artificial or prerecorded voice, or otherwise arising under the TCPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including, without limitation, the claims alleged in the SAC, from four years before the filing of the Action until the date of signature of this Settlement Agreement. This release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor as of the date of the Final Approval and Judgment, which release is meant to and constitutes a waiver and relinquishment, without limitation, of Section 1542 of the California Civil Code, which provides:

> **GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

6.2     Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers and relinquishment of Section 1542 of the California Civil Code and similar federal and state statutes, rules, regulations, orders or case law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class understand and acknowledge that they are aware they may hereafter discover facts in addition to, or different from, those facts that they know or believe to be true with respect to the subject matter of the Settlement and this Agreement, but it is nonetheless the intention of Plaintiff and the Settlement Class to fully, finally, and forever release all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released

Claims will be and remain in effect notwithstanding the discovery by any person of the existence of any such additional or different facts.

6.3     The Parties intend that this Settlement Agreement will fully, finally, and forever dispose of the Action, which shall be dismissed with prejudice, and any and all Released Claims against the Released Parties.

6.4     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties by operation of the Final Approval Order and Judgment.

6.5     Plaintiff and the Settlement Class Members agree and covenant not to sue any of the Released Parties with respect to any of the Released Claims, and agree not to otherwise assist others in doing so, and agree forever to be barred from filing, instituting, maintaining, collecting, proceeding against, or seeking to establish liability against any of the Released Parties in any federal, state, or local court or forum, in or before any administrative agency, or in any other proceeding in any forum based upon, arising out of, related to, or otherwise in connection with, in whole or in part, the Released Claims.

## 7.     NOTICE TO THE CLASS

7.1     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause Class Notice to be disseminated to all Persons in the Settlement Class as provided herein. Such Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure. The costs and expenses of Class Notice shall be deemed part of the Settlement Administration Expenses to be exclusively paid from the Settlement Fund.

7.2     Class Notice was developed in consultation with the Settlement Administrator and includes:

Class Action Settlement Agreement

a.      *Mailed Notice.* Subject to the approval of the Court, within twenty-one (21) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall cause a singular Postcard Notice to be mailed first-class U.S. mail, return service requested, to the names and addresses associated with the telephone numbers of the Settlement Class as reflected in the Class List, substantially in the form provided in Exhibit 3 hereto. The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator in an attempt to identify complete and current address information for each Person in the Settlement Class. The Settlement Administrator shall promptly re-mail any Postcard Notice returned as non-deliverable with a forwarding address. For all other returned mail, the Settlement Administrator shall perform data searches of the U.S. Postal Services National Change of Address database and/or any other reasonably available databases available to the Settlement Administrator, and perform any other reasonable steps to obtain current address information for any Postcard Notice returned to Settlement Administrator, and shall re-mail such Postcard Notice at least one additional time to the most current address information obtained by the Settlement Administrator. All costs associated with the Postcard Notice, including, but not limited to, all costs of research, address determination and confirmation, data searches, and printing, publishing, mailing, and re-mailing shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund.

b.      *Settlement Website.* After entry of the Preliminary Approval Order, but before the date of the mailing of the Postcard Notice pursuant to this Settlement Agreement, the Settlement Administrator shall create, maintain, operate, and host a dedicated Settlement Website to assist in the administration of this Settlement. The Settlement Website shall provide Persons in the Settlement Class access to copies of the SAC, this Agreement with all exhibits

referenced herein, Class Notice, including, but not limited to, the Long Form Notice and Claim Form, the Motion for Preliminary Approval, and the Preliminary Approval Order. All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund.

7.3     **CAFA Notice**. Class Counsel, through the Settlement Administrator, shall be responsible for serving the required CAFA Notice(s) within ten (10) calendar days after filing the motion seeking the Preliminary Approval Order. Class Counsel shall take necessary steps to ensure the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this Settlement Agreement. The Parties agree that the Settlement and Settlement Agreement substantively comply with CAFA.

7.4     **Declaration of Compliance**. The Settlement Administrator shall prepare and execute a declaration attesting to compliance with the Class Notice requirements of this Agreement and the Preliminary Approval Order. Such declaration shall be provided to Class Counsel and Defendant's Counsel and filed with the Court no later than ten (10) calendar days before the Final Approval Hearing.

7.5     **Best Notice Practicable.** The Parties agree that compliance with the procedures described in Section 7 of this Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, terms of this Agreement, and Final Approval Hearing. The Parties agree that the Class Notice described in Section 7 of this Settlement Agreement shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule, and/or regulation.

8. **SETTLEMENT ADMINISTRATION AND EXPENSES**

8.1     **Costs of Notice.** All costs of providing Class Notice pursuant to this Agreement, including, but not limited to, the costs of identifying any Person in the Settlement Class, the costs of printing, publishing, and/or mailing Class Notice, and the costs of creating, operating, maintaining, and/or hosting the Settlement Website, shall be paid exclusively from the Settlement Fund.

8.2     **Costs of Administering Settlement.** The Settlement Administration Expenses shall be paid exclusively from the Settlement Fund.

8.3     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by completing its duties in a rational, reasonable, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement and this Agreement. The Settlement Administrator shall maintain all such records as are required by the Court and applicable law in accordance with its normal business practices, including, but not limited to, a summary of work performed by the Settlement Administrator, including an accounting of all amounts paid from the Settlement Fund to Settlement Class Members.  Such records shall be provided to Class Counsel and Defendant's Counsel upon reasonable request. Without limiting the foregoing, the Settlement Administrator shall receive Requests for Exclusion forms and upon such receipt shall promptly provide copies of such Requests for Exclusion forms to Class Counsel and Defendant's Counsel.

8.4     The Settlement Administrator shall be responsible for all matters relating to the administration of this Settlement, including, but not limited to:

       a.      Preparing and completing Class Notice;

Class Action Settlement Agreement

b.      Obtaining complete address information for Settlement Class Members, including new addresses for any returned Class Notice or Benefit Checks or any other documents;

c.      Creating, operating, maintaining, and hosting a Settlement Website, from which Settlement Class Members can access copies of the SAC, this Agreement, Class Notice, the Preliminary Approval Order, and other pertinent documents, materials, and information about this Settlement;

d.      Acting as a liaison between Settlement Class Members and the Parties;

e.      Issuing and mailing Benefit Checks;

f.      Preparing and providing a declaration to Class Counsel and Defendant's Counsel before the submission of Plaintiff's Motion for Final Approval of the Class Action Settlement: (i) attesting to its compliance with the provisions of this Settlement Agreement concerning Class Notice; (ii) listing each Settlement Class Member who timely and validly submitted a Request for Exclusion opting out of the Settlement as described in Section 14.1 of this Settlement Agreement; (iii) stating the number of undeliverable Class Notices and claim packets, the number of Settlement Class Members who submitted valid claims, the number of Settlement Class Members who elected to opt out of the Class and the number of Settlement Class Members who objected to the Settlement; and

g.      Performing any other tasks reasonably required to effectuate the Settlement and this Agreement, including, but not limited to, all responsibilities, obligations, and tasks referenced in any Section of this Agreement.

8.5     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member as it relates to the Settlement.

## 9.     EFFECTIVE DATE

9.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

a.     This Agreement has been signed by Plaintiff, Defendant, Class Counsel and Defendant's Counsel;

b.     The Court has entered the Preliminary Approval Order;

c.     The Court has entered the Final Approval Order and Judgment, following Class Notice, as provided in the Preliminary Approval Order, and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure;

d.     Thirty-five (35) days have passed after entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal and the exhaustion of all appeals; and

e.     The Final Approval Order and Judgment has become Final, as defined in this Settlement Agreement.

9.2     If any one or all of the conditions specified in this Settlement Agreement are not met, or in the event that this Agreement is not approved by the Court, then this Settlement Agreement shall be canceled and terminated and be deemed null and void as described in this

Class Action Settlement Agreement

Settlement Agreement unless Class Counsel and Defendant mutually agree in writing to proceed with this Agreement or such mutually agreeable alternative agreement as approved by the Court.

9.3     If this Agreement is terminated or the Effective Date does not occur for any reason whatsoever, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement as described in this Settlement Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo *ante* with respect to the Action as if this Agreement had never been entered into as described in this Settlement Agreement. In such event, the Parties agree to stipulate to the resetting of deadlines accordingly.

## 10.    TERMINATION OF SETTLEMENT

10.1    The Parties' willingness to enter into this Agreement and to agree to the certification of a conditional settlement class is dependent upon achieving finality in this Action and avoiding the uncertainties, risks, costs, and delays associated with this Action. Accordingly, the Parties shall each have the unilateral right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement by providing written notice to the Court and all other Parties hereto within twenty (20) business days of any Party's actual notice of any of the following events:

a.      the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement;

b.      an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated without material change by the Court on remand;

Class Action Settlement Agreement

36036317v1

c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or this Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such incorporation, deletion, modification, amendment, or change is accepted in writing by all Parties;

d.      the Effective Date of the settlement does not occur for any reason;

e.      the Final Approval Order does not become Final;

f.      more than 5,000 of the Settlement Class opts out of the Settlement pursuant to Section 14.1 of this Settlement Agreement;

h.      any other ground for termination provided elsewhere in this Settlement Agreement occurs.

10.2    The failure of the Court or any other court to approve any Fee Award as described in this Settlement Agreement shall not be grounds for Plaintiff, the Settlement Class, Settlement Class Members, Class Counsel, or any other Person to terminate this Agreement.

10.3    The failure of the Court or any other court to approve any Incentive Award as described in this Settlement Agreement shall not be grounds for Plaintiff, the Settlement Class, Settlement Class Members, Class Counsel, or any other Person to terminate this Agreement.

10.4    To terminate this Agreement, a Party, Defendant's Counsel, or Class Counsel shall provide written notice of termination to all other Parties, including such Parties' respective counsel, and file such written notice with the Court.

10.5    If the Settlement or this Agreement is terminated pursuant to this Settlement Agreement for any reason whatsoever or the Effective Date does not occur for any reason whatsoever:

a.     This Agreement, the Settlement, and all negotiations, proceedings, documents, and statements made or prepared in connection therewith shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession of any Party whatsoever;

b.     The Parties shall stand in the same procedural posture as if this Agreement had not been negotiated, made, or filed with the Court;

c.     The class-certification of this Agreement shall have no further force and effect and shall not be offered in evidence or used in this Action or in any other proceedings for any reason whatsoever; and

d.     Class Counsel and Defendant's Counsel may seek to have any orders, filings, or other entries reflected on the Court's docket in any way based upon, arising out of, relating to, or otherwise in connection with this Agreement set aside, withdrawn, vacated, and/or stricken from the record.

10.6   It is the express intent of the Parties that should any Party terminate this Agreement pursuant to Section 10.1 of the Settlement Agreement for any reason whatsoever, the Agreement will be of no force and effect and the Parties' respective rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be set aside, withdrawn, vacated, and/or stricken from the record. It is the express intent of the Parties that should this Agreement not be approved in full by the Court, any Party may terminate the Agreement and revert to the status quo *ante* before the Settlement.

## 11.    PRELIMINARY APPROVAL ORDER

11.1    **Preliminary Approval Order.** Promptly following the execution of this Agreement, Class Counsel shall submit this Agreement together with all Exhibits referenced herein to the Court, and shall apply to the Court, and Defendant's Counsel shall file a notice joining such application or otherwise not oppose such application, for entry of the Preliminary Approval Order in the form of <u>Exhibit 5</u> hereto. The proposed Preliminary Approval Order shall, among other things:

a.    preliminarily approve this Settlement Agreement (subject to the Final Approval Hearing) as fair and reasonable;

b.    preliminarily certify the Settlement Class for settlement purposes only;

c.    appoint Plaintiff's undersigned counsel as Class Counsel;

d.    appoint Plaintiff as the Class Representative;

e.    appoint Epiq as the Settlement Administrator;

f.    set a schedule for proceedings concerning final approval of this Settlement, including, but not limited to, scheduling a Final Approval Hearing date, which shall be scheduled no earlier than one hundred (100) days after entry of the Preliminary Approval Order;

g.    approve the manner and form of Class Notice and authorize it for dissemination in accordance with Section 7 of this Agreement;

h.    approve the manner in which and deadline by which Persons in the Settlement Class may submit a Request for Exclusion;

i.    schedule a Final Approval Hearing;

j.    provide, pending entry of a Final Approval Order and Judgment, that the Parties shall cooperate in seeking orders that no Person in the Settlement Class shall commence or

Class Action Settlement Agreement

continue any action, in any capacity, against Defendant or any other Released Parties asserting any of the Released Claims;

k.      issue a stay in the Action, other than such proceedings as are related to this Settlement Agreement; and

l.      provide that Defendant has made no admissions in relation to the negotiation or execution of this Settlement Agreement or any document based upon, arising out of, related to, or otherwise in connection therewith.

The Preliminary Approval Order shall further authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Settlement Agreement and its implementing documents, including, but not limited to, all exhibits hereto, so long as such amendments, modifications, and expansions are consistent in all material respects with the proposed terms of the Final Approval Order and Judgment as set forth in Exhibit 1 to this Settlement Agreement.

11.2    If the Court refuses to issue the Preliminary Approval Order in substantially the same form as Exhibit 5 hereto, or otherwise refuses to issue the Preliminary Approval Order in substantially the same form as Exhibit 5 hereto without material modification, or issues the Preliminary Approval Order materially different from that attached as Exhibit 5 hereto, or if the Preliminary Approval Order is reversed or modified on appeal and/or remand, then the Settlement and this Agreement in its entirety shall become null and void unless the Parties promptly agree in writing to proceed with the Settlement and this Agreement consistent with the change or modification under which the Settlement and this Agreement are otherwise rendered null and void. In the event the Settlement and this Agreement become null and void, the Parties

Class Action Settlement Agreement

shall be restored without prejudice to their respective litigation positions in the Action before execution of this Agreement as described in Section 10.5 of this Settlement Agreement.

11.3    The Parties, Class Counsel, and Defendant' Counsel shall undertake all reasonable efforts that are in good faith necessary and appropriate to obtain a Preliminary Approval Order in substantially the same form as Exhibit 5 hereto.

## 12.    FINAL APPROVAL AND JUDGMENT ORDER

12.1    No later than ten (10) calendar days before the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on Defendant's Counsel a declaration as described in this Settlement Agreement.

12.2    Once all conditions precedent to the Settlement have been satisfied, including, but not limited to, the issuance of the Preliminary Approval Order, not later than ten (10) calendar days before the Final Approval Hearing:

a.    All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit 1 hereto;

b.    Class Counsel shall file a memorandum of points and authorities in support of a motion seeking the Final Approval Order and Judgment; and

c.    Class Counsel and/or Defendant's Counsel may file a memorandum addressing any objections submitted to the Settlement as described in this Settlement Agreement.

12.3    At the Final Approval Hearing, the Court will consider the proposed Final Approval Order and Judgment, which shall, among other things:

a.    find that the Court has personal jurisdiction over all Settlement Class Members;

Class Action Settlement Agreement

b.      find that the Court has subject matter jurisdiction over the Action and the Released Claims such that the Court may approve this Agreement and all exhibits hereto;

c.      find that final approval of this Settlement Agreement and the Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members, that each Settlement Class Member shall be bound by this Settlement Agreement, including the Released Claims and the covenant not to sue as described in Section 6 of this Settlement Agreement, and that this Settlement Agreement should be and is approved;

d.      direct the Parties and their counsel to implement this Agreement according to its terms and provisions;

e.      declare this Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff, the Settlement Class Members, and the Releasing Parties;

f.      find that the Class Notice as described in this Agreement satisfies the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and all applicable rules of the Court, constitutes the best practicable notice under the circumstances, constitutes notice that is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action and their right to object to or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing, and is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement;

g.      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

Class Action Settlement Agreement

h. dismiss the Action, including, without limitation, all Released Claims against the Released Parties, on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

i. approve and incorporate the releases described in Section 6 of this Agreement, make such releases effective as of the date of entry of the Final Approval Order and Judgment, and forever discharge the Released Parties from the Released Claims as described in Sections 6.1 and 6.2 of this Agreement;

j. without affecting the finality of the Final Approval Order and Judgment, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Settlement Agreement; and

k. permanently enjoin each Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or any of the Released Parties.

12.4 If the Court refuses to issue the Final Approval Order and Judgment in substantially the same form as <u>Exhibit 1</u> hereto, or otherwise refuses to issue the Final Approval Order and Judgment without material modification, or issues a final approval order and judgment materially different from <u>Exhibit 1</u> hereto, or the Final Approval Order and Judgment is reversed or modified on appeal and/or remand, then the Settlement and this Agreement in its entirety shall become null and void, unless the Parties promptly agree in writing to proceed with the Settlement and this Agreement consistent with the change or modification under which the Settlement and this Agreement is otherwise rendered null and void. In the event the Settlement and this Agreement become null and void, the Parties shall be restored without prejudice to their

Class Action Settlement Agreement

respective litigation positions in the Action before execution of this Agreement as described in Section 10.5 of this Settlement Agreement.

12.5   The Parties, Class Counsel, and Defendant' Counsel shall undertake all reasonable efforts that are in good faith necessary and appropriate to obtain a Final Approval Order and Judgment in substantially the same form as Exhibit 1 hereto.

## 13.   FINAL JUDGMENT

13.1   The Final Approval Order and Judgment will be deemed final for purposes of this Settlement Agreement upon the latest of the following:

a.   if no Person has filed an appearance that would give him/her/it potential standing to appeal the Final Approval Order and Judgment, then the date the Settlement is approved by the Court as Final;

b.   if a Person has filed an appearance that would give him/her/it potential standing to appeal the Final Approval Order and Judgment, and no notice of appeal of the Final Approval Order and Judgment is timely filed, then the expiration date of the time for filing any appeal from the Final Approval Order and Judgment, including, but not limited to, any extension of such expiration date granted by order of any court of competent jurisdiction, by operation of law, or otherwise;

c.   the date of final affirmance of an appeal of the Final Approval Order and Judgment, the expiration of the time for a petition for rehearing and a petition for *certiorari* of the Final Approval Order and Judgment, or, if such a petition is filed, either the denial of such petition or, if the petition is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to such grant of the petition; or

Class Action Settlement Agreement

d.      the date of final dismissal of any appeal of the Final Approval Order and Judgment or the final dismissal of any proceeding to review the Final Approval Order and Judgment.

## 14.    OPT-OUTS AND OBJECTIONS

14.1    **Opting Out.** The Class Notice shall contain information about how a Person in the Settlement Class may opt out of the Settlement (*i.e.*, request to be excluded from the Settlement Class) by mailing a Request for Exclusion by first class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice. Such Request for Exclusion shall clearly include (i) the Person's name, address, and telephone number and the name and case number of the Action, (ii) a clear and unequivocal statement that the Person wishes to be excluded from the Settlement Class, and (iii) the signature of such Person or, in the case of a Person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such Person along with all of the statements set forth in this sentence of this Section 14.1 of this Settlement Agreement. The Request for Exclusion shall not be effective unless it provides the information set forth in the preceding sentence of this Section 14.1 and is postmarked no later than the Objection/Exclusion Deadline, which date shall be stated in the Class Notice. No Person in the Settlement Class may submit a Request for Exclusion of or on behalf of any other Person in the Settlement Class. Requests for Exclusion that do not comply with this Section 14.1 are invalid. Copies of Requests for Exclusion and a report of the names and phone numbers and addresses of Persons whose Requests for Exclusion have been timely mailed shall be provided by the Settlement Administrator to Class Counsel and Defendant's Counsel no later than seven (7) calendar days after the Objection/Exclusion

Class Action Settlement Agreement

Deadline. The Requests for Exclusion shall be filed with the Court by the Settlement Administrator in connection with Plaintiff's motion for a Final Approval Order and Judgment.

14.2.   The Settlement Administrator shall provide Class Counsel and Defendant's Counsel copies of each Request for Exclusion the Settlement Administrator receives. The Settlement Administrator will provide a list of each Person who timely and validly opted out of the Settlement pursuant to this Settlement Agreement in its declaration filed with the Court pursuant to Section 7.5 of this Settlement Agreement. Any Person in the Settlement Class who does not properly and timely submit a Request for Exclusion pursuant to Section 14.1 of this Settlement Agreement will be bound by this Settlement Agreement and the Final Approval Order and Judgment, including the Release described in Section 6 of this Settlement Agreement. Any Person in the Settlement Class who submits a valid and timely Request for Exclusion shall not be a Settlement Class Member, bound by this Agreement or the Final Approval Order and Judgment, or entitled to any Settlement Class Recovery, or otherwise gain any rights by virtue of this Agreement.

14.3   **Objections**. The Class Notice shall contain information about how a Person in the Settlement Class who does not properly and timely submit a Request for Exclusion pursuant to Section 14.1 of this Settlement Agreement may object to the Settlement by filing a written objection with the Court by the Objection/Exclusion Deadline, which written objection must contain the following:

a.      the full name, address, telephone number, and signature of the objecting Class Member;

b.      the specific reasons for the objecting Class Member's objection to the Settlement, and a detailed statement of the factual and legal basis for such objections;

   c. the identity of all witnesses, including the witnesses' name and address, and a summary of such witnesses' proposed testimony whom the objecting Class Member may call to testify at the Final Approval Hearing, along with a description and copies of all evidence such objecting Class Member may offer at the Final Approval Hearing; and

   d. a statement whether the objecting Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. Any attorney of an objecting Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order.

  14.4 The Parties shall have the right to depose or seek discovery from any objecting Class Member to assess whether the objector has standing.

  14.5 Any Class Member who does not file a timely written objection to the Settlement as described in Section 14.3 of this Settlement Agreement and as detailed in the Class Notice shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement or seeking review of the Settlement by appeal or other means. Any Class Member who does not file a timely written objection to the Settlement as described in Section 14.3 of this Settlement Agreement and as detailed in the Class Notice will be bound by this Settlement Agreement and the Final Approval Order and Judgment, including the Release described in Section 6 of this Settlement Agreement.

  14.6 Any Class Member who has timely filed written objection to the Settlement as described in Section 14.3 of this Settlement Agreement may appear at the Final Approval Hearing, either in person or through an attorney hired at the objecting Class Member's own

expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement.

## 15.    CLASS COUNSEL'S FEE AWARD AND COST REIMBURSEMENT; INCENTIVE AWARD.

15.1    **Attorneys' Fees and Costs.** On or before thirty (30) days after the Preliminary Approval Order has been entered, Class Counsel shall file with the Court a Fee and Cost Application seeking a Fee Award of Attorneys' Fees and Costs to be paid exclusively from the Settlement Fund, which Fee and Cost Application shall be subject to approval by the Court. The Fee and Cost Application may seek up to one-quarter of the Settlement Fund, plus any out-of-pocket costs incurred by Class Counsel in this Action. Nothing in this Agreement requires Defendant or Defendant's Counsel to take any position with respect to this Section 15.1 of the Settlement Agreement. The Fee and Cost Application shall be noticed to be heard at or before the Final Approval Hearing. The Settlement Administrator shall disburse any Fee Award of Attorneys' Fees and Costs, including any out-of-pocket costs incurred by Class Counsel in this Action, to Class Counsel within fifteen (15) days after the Effective Date. Defendant shall have no responsibility for, or any liability with respect to, the payment of any Fee Award of Attorneys' Fees and Costs, including any out-of-pocket costs incurred by Class Counsel in this Action. Defendant shall have no responsibility for and shall have no liability whatsoever with respect to the allocation of any Fee Award of Attorneys' Fees and Costs among Class Counsel and/or any other Person who may assert a claim thereto. The sole source of any payment of any such Fee Award shall be the Settlement Fund.

15.2    **Incentive Award.** On or before thirty (30) days after the Preliminary Approval Order has been entered, the Class Representative shall file with the Court a Fee and Cost Application to be paid exclusively from the Settlement Fund seeking an Incentive Award of up

to Ten Thousand Dollars ($10,000) in recognition of the time and efforts invested by Class Representative on behalf of the Settlement Class in this Action. Nothing in this Agreement requires Defendant or Defendant' Counsel to take any position with respect to this Section 15.2 of the Settlement Agreement. The Fee and Cost Application shall be noticed to be heard at or before the Final Approval Hearing. The Settlement Administrator shall disburse any Incentive Award to Class Representative within fifteen (15) days after the Effective Date and only after receiving any and all necessary W-9 form(s) from Class Representative, but before the issuance of any Benefit Check or payment of Cash Benefit to any Settlement Class Member. Defendant shall have no responsibility for, or any liability with respect to, the payment of any Incentive Award. The sole source of any payment of any such Incentive Award shall be the Settlement Fund. The Incentive Award is in lieu of any payments to which Class Representative may otherwise be entitled as a Settlement Class Member under this Settlement Agreement.

     15.3    **Settlement Is Independent of Fee Award of Attorneys' Fees and Costs and Incentive Award**. The application for a Fee Award of Attorneys' Fees and Costs, including any out-of-pocket costs incurred by Class Counsel in this Action, and/or an Incentive Award as set forth in Section 15 of this Settlement Agreement, and any and all matters related thereto, shall not be considered part of this Agreement, and the application(s) for such Fee Award and/or Incentive Award, and any and all matters related thereto, including, but not limited to, the reasonableness thereof, shall be considered by the Court separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and this Agreement. Nonetheless, the payments of any such Fee Award and/or Incentive Award are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in the best interests of the Settlement Class Members. In the event the Court declines such Fee Award

and/or Incentive Award request(s) or awards less than the respective amounts sought in the Fee Award and/or Incentive Award, the Settlement and this Agreement will continue to be in effective and enforceable by the Parties.

## 16.    MISCELLANEOUS PROVISIONS

16.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

16.2    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.

16.3    The Parties have relied upon the advice and representation of their respective counsel concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

16.4    The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the Settlement Agreement is terminated, neither

Class Action Settlement Agreement

this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

a.   is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, in any proceeding whatsoever as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Class Representative in the Action, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of either the Settlement Fund, the Fee Award, or the Incentive Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.   is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

c.   is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiff or the Settlement Class's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

16.5   Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation."  The words "hereof", "herein", "hereby", "hereunder", and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any

particular provision of this Agreement.  All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

16.6    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

16.7    Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

16.8    Each counsel or other Party executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

16.9    This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

16.10   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, representatives, and assigns of the Parties, the Settlement Class Members, and the Released Parties.

16.11   This Agreement, the exhibits hereto, and the terms and conditions herein constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

16.12   This Agreement shall be governed by the laws of the State of California.

Class Action Settlement Agreement

16.13  This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the Parties and approved by the Court.

16.14  Unless otherwise stated herein, any notice to the Parties required or provided under this Agreement shall be in writing and may be sent by electronic mail, overnight delivery by a national recognized courier service (*i.e.,* UPS, FedEx, or the equivalent), or hand delivery as follows:

        a.      If to Class Counsel:

        Edward Broderick
        Anthony Paronich
        BRODERICK & PARONICH, P.C.
        99 High St., Suite 304
        Boston, Massachusetts 02110
        ted@broderick-law.com
        anthony@broderick-law.com

        b.      If to Defendant's Counsel:

        Beth-Ann E. Krimsky
        Lawren A. Zann
        GREENSPOON MARDER LLP
        200 East Broward Blvd, Suite 1800
        Fort Lauderdale, Florida 33301
        beth-ann.krimsky@gmlaw.com
        lawren.zann@gmlaw.com

16.15  This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

Class Action Settlement Agreement

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class:**

_Sidney Naiman_                          Date: _8/29/18_
Sidney Naiman
Class Representative

**Class Counsel:**

_Anthony Paronich_                        Date: _8/29/18_
Anthony Paronich
BRODERICK & PARONICH, P.C.

**For Total Merchant Services, Inc.:**

_R.T.S.Smith_                             Date: _8/29/18_
Authorized Representative

_ROBERT S. SMITH, GENERAL COUNSEL_
Printed Name and Title

**Defendant's Counsel:**

_Beth-Ann E. Krimsky_                     Date: _8/30/18_
Beth-Ann E. Krimsky
GREENSPOON MARDER LLP

- 46 -
Class Action Settlement Agreement

36036317v1

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, INC., and QUALITY MERCHANT SERVICES, INC.,<br><br>  Defendants. | Case No. 4:17-cv-03806-CW |

**[PROPOSED]**
**FINAL APPROVAL ORDER AND JUDGMENT**

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. Dkt. No. _____ (the "Motion"). The Court preliminarily approved the Settlement Agreement[1] on _____, 2018, Dkt. No. _____, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the Motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

**I.     Jurisdiction**

1.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement, Dkt. No. _____, have the same meaning as set forth in the Settlement Agreement.

## II.      Class Definition

2.      Under Federal Rule of Civil Procedure 23(c), the Court certifies the following

"Settlement Class," consisting of:

> All persons within the United States to whom Quality Merchant Services, Inc., Michael
> Alimento, and/or Brian Alimento made a telephone call through the Spitfire dialing
> software and/or system (*i.e.,* an automated telephone dialing system or an artificial or
> prerecorded voice) to any telephone number assigned to a cellular telephone service or
> any service for which the called party is charged for the call for the purpose of promoting
> Total Merchant Services, Inc.'s goods or services from July 5, 2013 through June 8,
> 2018. These individuals are identified on the Class List.

## III.      Class Representative and Class Counsel

3.      Under Federal Rule of Civil Procedure 23, Sidney Naiman is hereby appointed as

Class Representative.

4.      The following are hereby appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
> -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
> -and-
> Jon Bernhard Fougner
> 600 California Street, 11th Floor
> San Francisco, CA 94108
> -and-
> Andrew Heidarpour
> Heidarpour Law Firm
> 1300 Pennsylvania Ave NW, 190-318
> Washington, DC 20004

## IV.      Rule 23 Requirements

5.      Pursuant to Federal Rule of Civil Procedure 23(a) Court finds that: (a) the

[Proposed] Final Approval Order and Judgment

Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6.      Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

### V.      Notice and Opt-outs

7.      The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort.

8.      The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9.       All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.  The list of persons submitting notices seeking exclusion from the Settlement Class, submitted by Plaintiff pursuant to the Preliminary Approval Order, *see* Dkt. No. _____, is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

### VI.      Final Approval of the Settlement

10.      Pursuant to the Settlement Agreement, Defendant has agreed to pay Seven Million Five Hundred Thousand Dollars ($7,500,000) to create the Settlement Fund. Amounts

35845188v1

awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, and the costs of notice and administration are deducted, with pro ration based on Shares (i.e., applicable and allegedly actionable calls). Defendant has also represented that it has taken steps to ensure compliance with respect to the telemarketing conduct alleged in the Second Amended Complaint.

11. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of Plaintiff, Settlement Class Members, and Defendant. The Court has also read and considered any written objections filed by Settlement Class Members. [Alternatively: "The Court has not received any objections from any person regarding the Settlement."] The Court held a hearing on _____, 2018, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on _____, 2018, and that ninety (90) days have passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations initially presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

13. The Settlement Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

[Proposed] Final Approval Order and Judgment

14.     In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel and the Settlement Administrator will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099s without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to, limiting payments to be below the reportable threshold and/or withholding of taxes and any applicable penalties.

15.     The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16.     The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17.      On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

18.     The Court further orders that upon the Effective Date, the above-described

5
[Proposed] Final Approval Order and Judgment

releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

19. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

### VII.    Attorneys' Fees, Attorney Expenses and Class Representative's Award

20. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of \$_____ in attorneys' fees and \$_____ in costs. This amount shall be exclusively paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the Notice specifically and clearly advised the Class that Class Counsel would seek the award.

21. The Court approves the incentive fee payment of \$_____ for the Class Representative and specifically finds that amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be exclusively paid from the Settlement

Fund in accordance with the terms of the Settlement Agreement. Any incentive award will be reported as "other income" in Box 3 of Form 1099-MISC.

22.     The Court approves payment of $_____ in administration expenses to the Settlement Administrator. This amount shall be exclusively paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23.     Neither this Final Approval Order and Judgment as to the Defendant nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.


       The Clerk is hereby directed to enter this Final Approval Order and Judgment.


DATED: _____, 2018          _____

                                        United States District Court

[Proposed] Final Approval Order and Judgment

# Exhibit 2

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Naiman v. Total Merchant Services, Inc.,* Civil Action No. 4:17-cv-03806-CW

## If a call from Defendant or Quality Merchant Services, Michael Alimento, or Brian Alimento on behalf of Defendant was directed to your cellular telephone, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Defendant Total Merchant Services, Inc. ("Defendant") has agreed to pay Seven Million Five Hundred Thousand Dollars ($7,500,000) into a fund from which eligible persons or entities who file claims will receive cash awards. The amount of your recovery will be based on the number of calls you received and the number of people who file valid claims, but the minimum amount each valid claimant is expected to receive is $225.  You can see the number of calls you received by inputting your phone number on the settlement website: www.XXX.com

- The website also has a copy of the Settlement Agreement, which defines the special terms used in this Notice.

- The settlement resolves a lawsuit involving allegations that Quality Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made automated telemarketing calls and/or calls using an artificial or prerecorded voice on the Defendant's behalf from July 5, 2013 through June 8, 2018 to cellular telephone lines using the Spitfire dialing system.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for One Million Eight Hundred Seventy-Five Thousand Dollars ($1,875,000) of the fund as attorneys' fees for the time they spent investigating the facts, litigating the case, and negotiating the settlement. Class counsel will also ask the Court to reimburse them an amount not to exceed $20,591.19 for the out-of-pocket expenses they incurred in pursuing the case.

- Defendant denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Defendant does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiff and the class could have won at trial.

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.XXX.com; contact Class Counsel at Broderick & Paronich, P.C., 99 High St., Suite 304, Boston, MA 02110, (508) 221-1510access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or visit the office of the Clerk of the Court for the United States District Court for the Northern District of

35845320v1

California, 1301 Clay St., Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

- **PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE** | Ask for payment. This is the only way to receive a payment from this Settlement. |
| **EXCLUDE YOURSELF BY DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendant about the legal claims being resolved. |
| **OBJECT BY DATE** | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the settlement. To be heard, you must have timely objected. |
| **DO NOTHING** | Get no payment. Give up right to ever be part of any other lawsuit against Defendant about the legal claims in this case. |

# BASIC INFORMATION

## 1. What is this notice and why should I read it?

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Naiman v. Total Merchant Services, Inc.*, Civil Action No. 4:17-cv-03806-CW in the United States District Court for the Northern District of California. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

## 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representative alleges that from July 5, 2013 through June 8, 2018 Defendant violated the Telephone Consumer Protection Act ("TCPA") by the fact that Quality Merchant Services, Inc., Michael Alimento and/or Brian Alimento, on behalf of Defendant, made automated telemarketing calls and/or calls using an artificial or prerecorded voice through the Spitfire dialing system to cellular telephones and numbers for which the called party is charged for incoming calls. The class representative alleges that Defendant did not have the recipients' permission to make these calls.

The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge Claudia Wilken (the "Court") is in charge of this class action.

Defendant denies that it did anything wrong and that this case would be certified as a class action in litigation.

## THE SETTLEMENT

| **3. Why is there a settlement?** |
| --- |

The Court has not decided in favor of Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

## WHO IS IN THE SETTLEMENT?

| **4. How do I know if I am a part of the Settlement?** |
| --- |

You are likely in the Settlement Class if, between July 5, 2013 and June 8, 2018, Quality Merchant Services called your cell phone. You can check whether you are in the Settlement Class by entering your phone number at www.XXX.com.

If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **5. What does the Settlement provide?** |
| --- |

Defendant has agreed to pay Seven Million Five Hundred Thousand Dollars ($7,500,000) to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, service awards, and settlement administration expenses have been deducted.

Defendant has also agreed that it will take remedial steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service in response to the allegations and claims asserted in this lawsuit. .

## 6. How much will my payment be?

Your share of the settlement will depend on the number of Claim Forms that Settlement Class Members submit, and the amount of calls you received, but the minimum amount valid each claimant is estimated to receive is **$[INSERT].** In particular, the payment to each participating Settlement Class Member will be proportionate to the number of calls he or she received. It is likely that the actual minimum payment may be more than that, because not every person who could submit a claim does so, and the leftover amount goes to the people who do submit valid claims. You can learn the number of calls you received by inputting your phone number on the settlement website: www.XXX.com

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

## 7. How do I make a claim?

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. There are multiple ways to submit a Claim Form. A paper Claim Form is available by calling 1-XXX-XXX-XXXX. Read the instructions on the postcard carefully, fill out the form, sign it, and mail it postmarked no later than Month XX, XXXX. You may also submit a Claim Form online by going to the Settlement Website at www.XXX.com and following directions. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

Total Merchant Telemarketing Settlement
Settlement Administrator
Epiq
P.O. Box. XXXX
City, State Zip Code

## 8. When will I get my payment?

The Court will hold a hearing to decide whether to approve the settlement. The hearing is expected to be on Month XX, XXXX, and if the hearing date changes, the updated date will be posted to www.XXX.com. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

## 9. What am I giving up to get a payment and stay in the Class?

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Defendant regarding the claims that are subject to the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it

carefully. To summarize, the release includes, but is not limited to, telemarketing-related claims that arise out of the improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" by, or on behalf of, Defendant to make telephone calls to cellular phones.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendant, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

### 10. How do I get out of the Settlement?

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Naiman v. Total Merchant Services, Inc.*, Civil Action No. 4:17-cv-03806-CW settlement. Your letter must state that you wish to be excluded from this settlement, include your name, address, and telephone number and be signed by you. You must mail your exclusion request postmarked no later than Month XX, XXXX to the following address:

Total Merchant Telemarketing Settlement
Settlement Administrator
Epiq
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

### 11. If I don't exclude myself, can I sue Total Merchant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

### 12. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

# THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has appointed Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, Heidarpour Law Firm and Jon Fougner to represent you and other Settlement Class Members. These lawyers are called

Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14. How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court to approve payment of up to One Million Eight Hundred Seventy-Five Thousand Dollars ($1,875,000) to them for attorneys' fees. This amounts to 25% of the total fund. Class Counsel will also seek recovery of their actual expenses spent on the litigation not to exceed $20,591.19. These payments would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request a service award of $10,000 for the named Plaintiff to compensate him for his time and effort. The Court may award less than these amounts.

If there is money left over that is too small to be practicably distributed to class members, the Parties have proposed to the Court that it go to the National Consumer Law Center ("NCLC"). NCLC is a nonprofit organization that works for consumer justice and economic security for low-income and other disadvantaged people, including advocating against illegal telemarketing.

## OBJECTING TO THE SETTLEMENT

| **15. How do I object to the Settlement?** |
| --- |

You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, in which case you may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Naiman v. Total Merchant Services, Inc.*, Case Number 4:17-cv-03806-CW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [DATE].

The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Settlement Class, including your full name, address, telephone number, and signature; (b) include a statement of your specific factual and/or legal objections, as well as any witness testimony and documents that you would like the Court to consider; (c) provide the name and contact information of any attorney you intend to have assert your objections before the Court; (d) state whether you intend to appear at the Final Approval Hearing.

| **16. What's the difference between objecting and excluding myself from the Settlement?** |
| --- |

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer directly affects you.

# THE COURT'S FAIRNESS HEARING

## 17. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court is expected to hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable Claudia Wilken at the U.S. District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses, and the incentive award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing are subject to change by Court Order without further notice to the class. You may check www.XXX.com or https://ecf.cand.uscourts.gov to check if the date has changed.

# DO I HAVE TO ATTEND THE HEARING

## 18. Do I have to come to the hearing?

Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

## 19. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must state that you intend to appear at the hearing in your objection. Be sure to include your name, address, telephone number, that you are a Class Member, and your signature. You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the legal issues released in this case.

# GETTING MORE INFORMATION

| **21. How do I get more information?** |
| --- |

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXX.com. You can also get a copy of the Settlement Agreement by writing to any of the Court-appointed attorneys.

You can call 1-XXX-XXX-XXXX toll-free; write to Total Merchant Telemarketing Settlement, Epiq, P.O. Box XXXX, City, State Zip Code; or visit the website at www.XXX.com, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

35845320v1

# Exhibit 3

*Naiman v. Total Merchant Services, Inc.*, Settlement Administrator
PO Box 3770
Portland, OR 97208-3770

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Naiman v. Total Merchant Services, Inc.*, Civil Action No. 4:17-cv-03806-CW in the United States District Court for the Northern District of California. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

Unique ID: <<XXXXXXXXXXXXXXXX>>
Please use the above unique ID to file a claim online at
www.XXXXXXXXXXXX.com

Postal Service: Please do not mark barcode

«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

«Barcode»

*Visit [www.XXXXXXXXXX.com](www.XXXXXXXXXX.com) or call 1-877-327-1109 for complete information and to obtain a Claim Form*

**Who is included?** You were identified as someone who may have received one or more of these phone calls between July 5, 2013 and June 8, 2015.

**How much money can I get?** If the Court approves the Settlement, every Settlement Class Member who submits a valid Claim Form will be entitled to an equal payment from the $7,500,000 Settlement Fund. Class Counsel estimate that the minimum per class claimant payout will be **$XXX,** but your actual payment amount will depend on how many Settlement Class Members submit valid Claim Forms and how many calls you received. The expected minimum payout will be $225 and may be more. The Settlement Fund will be divided based on the number of calls each participating Settlement Class Member received, after attorneys' fees, costs and expenses, an award for the Class Representative, and notice and administration costs have been deducted. Class Counsel intend to seek $1,875,000 for attorneys' fees plus an additional amount not to exceed $20,591.19 for reimbursement for out-of-pocket expenses.

**How can I get a payment?** You must complete a Claim Form by no later than **XX, XXXXXX, XXXX.** Claim Forms may be completed online at **www.XXXXXXXXX.com** or obtained by calling the Settlement Administrator at 1-877-327-1109.

**What are my options?** If you are a Settlement Class Member and you submit a Claim Form or do nothing, and the Court approves Settlement, you will be bound by all of the Settlement terms, including the releases of claims against Defendant and the other Released Parties. You may "opt out" (exclude yourself) from the Settlement. If you opt out, you will not receive a payment, and you will not release any claims. You will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to: *Naiman v. Total Merchant Services, Inc.* Settlement Administrator, PO Box 3770, Portland, OR 97208-3770, which must be postmarked by **XX, XXXXXX, XXXX**, that includes your full name, address, telephone number or numbers, a statement that you wish to be excluded from the *Naiman v. Total Merchant Services, Inc.*, No. 4:17-cv-03806-CW Settlement, and your signature. Unless you exclude yourself from this Settlement, you give up your right to sue or continue a lawsuit against Defendant and the other Released Parties.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Naiman v. Total Merchant Services, Inc*, Case Number 4:17-cv-03806-CW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **XX, XXXXXX, XXXX**

Any objection must include your full name; address; telephone numbers that you maintain were called; all grounds for your objection, with factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence; and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary. If you want to be heard orally (either personally or through counsel) in opposition to the Settlement you must file a timely objection as set forth above.

**When will the Settlement be finally approved?** The Court intends to hold a Final Approval Hearing (the "Hearing") at **[DATE] and Time** at the U.S. District Court, Northern District of California, 1301 Clay St., Oakland, CA 94612. That date may change without further notice. You may check the websites below to confirm that the date has not changed. At the Hearing, the Court will consider whether to approve: the proposed Settlement as fair, reasonable, and adequate; Class Counsel's fee and cost request; and a $10,000 payment to the Class Representative. The Court will also hear objections to the Settlement. If approval is denied or reversed on appeal or does not become final, the case will continue and claims will not be paid.

**Want more information?** This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at **www.XXXXXXXXXX.com**, by contact class counsel at BRODERICK & PARONICH, P.C., 99 High St., Suite 304, Boston, Massachusetts 02110, (508) 221-1510access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

*Visit www.XXXXXXXXXX.com or call 1-877-327-1109 for complete information and to obtain a Claim Form*

# Exhibit 4

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home      FAQs      Documents      Submit a Claim      Contact Us

## Welcome to the Information Website for the Naiman v. Total Merchant Services, Inc. Settlement

If You Received an Automated Call or a Call Using an Artificial or Prerecorded Voice from or on Behalf of Total Merchant Services, Inc., You Could Get a Payment from a Class Action Settlement.

Lorem ipsum dolor sit amet, consectetur adipiscing elit. Phasellus luctus rutrum nulla, at luctus tellus mattis sed. Maecenas facilisis sit amet odio et ultrices. Aenean sit amet ante egestas, vulputate ante vel, pulvinar odio. Integer molestie in nunc sit amet feugiat. Suspendisse cursus diam leo, sed scelerisque massa pretium sed. Ut nibh mi, rhoncus vitae arcu sagittis, auctor laoreet nulla. Quisque aliquam condimentum tortor, at placerat mauris rutrum eu. Fusce ex lacus, ullamcorper non rutrum eu, scelerisque non odio. Proin molestie egestas nibh, et placerat arcu consectetur in. Sed commodo placerat ligula, vel faucibus nibh ullamcorper nec.

### Current Status

The Court in charge of this case still has to decide whether to approve the Settlement. A Final Approval Hearing has been scheduled for XX-XX-XXXX.

### Important Dates

**XX-XX-XXXX – XX-XX-XXXX**
Class Period

**XX-XX-XXXX**
Deadline to Exclude Yourself from the Settlement

**XX-XX-XXXX**
Deadline to File a Claim

**XX-XX-XXXX**
Deadline to Object to the Settlement

**XX-XX-XXXX**
Final Approval Hearing

## Class Members' Rights and Options

| | |
|---|---|
| **Submit a Claim** | To submit a Claim and receive a cash award, click here to file your Claim online. You must do so by **XX-XX-XXXX**. You also may submit a Claim Form to the Settlement Administrator by mail. Click here to download a paper Claim Form. Your mailed Claim Form must be postmarked by **XX-XX-XXXX**. |
| **Opt Out** | You may opt out by mailing a letter to the Settlement Administrator or by submitting an online request here by **XX-XX-XXXX**. If you do not opt out, you give up your right to sue Pivotal and the other Released Parties about the Settled Claims. However, you still may be able to sue the Defendant. If you opt out, you will not receive a payment from the fund. *See* FAQ X for instructions. |
| **Object** | If you do not exclude yourself, you may object to the Settlement. You must send your signed, written objections to the Court by **XX-XX-XXXX**, and provide the reasons for your objection. *See* FAQ X for instructions. |
| **Do Nothing** | If you do nothing, you will not receive any payment and will lose the right to sue. You will be considered part of the Class, and you will be bound by the Court's decision with respect to the Settlement. |

**Start Your Claim Form**      **Check Your Phone Calls**

---

Submit a Claim      Contact Us      Privacy Policy      Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home     FAQs     Documents     Submit a Claim     Contact Us

## Check How Many Calls Your Phone Number Received - Instructions

If you would like to see how many phone calls that you may submit a claim for, please provide your Class Member ID or Affected Phone Number and click "Look Up."

If you cannot locate your Class Member ID, you may instead provide your Affected Phone Number.



Class Member ID: ⓘ

XXXXXXXXX

**OR**

Affected Phone Number:

XXX-XXX-XXXX

Look Up

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home      FAQs      Important Documents      Submit a Claim      Contact Us

## Submit a Claim - Instructions

If, at any time between July 5, 2013 and June 8, 2018 a qualifying event happened, you may be eligible for a payment from this class action settlement. To receive payment from this Settlement, you submit a Claim Form via this website or by mail. Claim Forms must be submitted or postmarked on or before **XX-XX-XXXX** to be deemed timely.

### How to File Online

To get started with your online Claim Form, please provide your Unique ID or Affected Phone Number and click "Login".

If you cannot locate your Unique ID, you may instead provide your Affected Phone Number.



Unique ID:

[ Unique ID XXXXXXX ]

*Where can I find my Unique ID?*

**OR**

Affected Phone Number:

[ Phone Number XXX-XXX-XXXX ]

[ Login ]

### How to File by Paper

If you would like to file a Claim via mail, you may download a copy of the Claim Form here. You may also call the Settlement Administrator at X-XXX-XXX-XXXX and request that one be sent to you. Fill out the Claim Form completely, sign and date it, then mail it to the Settlement Administrator at:

Settlement Administrator
P.O. Box 0000
Portland, OR 97208-0000

---

Submit a Claim      Contact Us      Privacy Policy      Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc.. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

| Home | FAQs | Important Documents | Submit a Claim | Contact Us |
|---|---|---|---|---|

## Submit a Claim

Please review the form and fill it out to the best of your ability. Claims Forms must be submitted on or before XX-XX-XXXX to be deemed timely. Claim Forms received after this deadline may not be accepted.



**If User Logins With Unique ID**

Please select the type of claimant you are: *

Individual

First Name: *

First Name

Middle Initial:

MI

Last Name: *

Last Name

Country: *

United States

Address 1: *

Address 1

Address 2:

Address 2

City: *

City

State: *

ZIP Code: *

ZIP Code

Phone Number: *

Phone Number

Email Address: *

Email Address

---

### Claim Information:

Please provide at least one Phone Number that received a call from XX-XX-XXXX to XX-XX-XXXX. *

Affected Phone Number 1:

XXX-XXX-XXXX

Affected Phone Number 2:

XXX-XXX-XXXX

Affected Phone Number 3:

XXX-XXX-XXXX

Affected Phone Number 4:

XXX-XXX-XXXX

**Next**

---

Submit a Claim    Contact Us    Privacy Policy    Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home     FAQs     Important Documents     Submit a Claim     Contact Us

## Submit a Claim

Please review the form and fill it out to the best of your ability. Claims Forms must be submitted on or before XX-XX-XXXX to be deemed timely. Claim Forms received after this deadline may not be accepted.

## If User Logins With Phone Number

Please select the type of claimant you are: *

Individual

First Name: *          Middle Initial:     Last Name: *

First Name             MI                  Last Name

Country: *

United States

Address 1: *

Address 1

Address 2:

Address 2

City: *                State: *             ZIP Code: *

City                                        ZIP Code

Phone Number: *

Phone Number

Email Address: *

Email Address

---

### Claim Information:

Please provide at least one Phone Number that received a call from XX-XX-XXXX to XX-XX-XXXX. *

Number they logged in with →

Affected Phone Number 1:          Affected Phone Number 2:

100-000-4658                      XXX-XXX-XXXX

Affected Phone Number 3:          Affected Phone Number 4:

XXX-XXX-XXXX                      XXX-XXX-XXXX

Next

---

Submit a Claim     Contact Us     Privacy Policy     Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home        FAQs        Important Documents        Submit a Claim        Contact Us

## Submit a Claim - Certification

Our records indicate the affected phone numbers associated with your Unique ID received the number of calls indicated below. Please review this information and certify that you believe to the best of your ability that it is true and correct.

## If User Logins With Unique ID

### Claim Information:

| Affected Phone Number: | Number of Phone Calls Received: |
|---|---|
| 5418675309 | 15 |
| Affected Phone Number: | Number of Phone Calls Received: |
| 5418675309 | 15 |
| Affected Phone Number: | Number of Phone Calls Received: |
| 5418675309 | 15 |
| Affected Phone Number: | Number of Phone Calls Received: |
| 5418675309 | 15 |

### Certification:

☐ By checking this box, I certify that the information on this form is true and correct to the best of my knowledge. *

Submit

---

Submit a Claim    Contact Us    Privacy Policy    Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home        FAQs        Important Documents        Submit a Claim        Contact Us

## Submit a Claim - Certification

Based on the affected phone numbers you provided, you received the number of calls indicated below. Please review this information and certify that you believe to the best of your ability that it is true and correct.

**If User Logins With Phone Number**

### Claim Information:

Affected Phone Number:

5418675309

Affected Phone Number:

5418675309

Affected Phone Number:

5418675309

Affected Phone Number:

5418675309

Number of Phone Calls Received:

15

Number of Phone Calls Received:

15

Number of Phone Calls Received:

15

Number of Phone Calls Received:

15

### Certification:

☐ By checking this box, I certify that the information on this form is true and correct to the best of my knowledge. *

[ Submit ]

---

Submit a Claim      Contact Us      Privacy Policy      Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, INC. and QUALITY MERCHANT SERVICES, INC.,<br><br>Defendants. | Case No. 4:17-cv-03806-CW |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiff Sidney Naiman has moved for preliminary approval of a proposed class settlement that would resolve the Plaintiff's class-action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, finding specifically as follows.[1]

### I.       Jurisdiction

1.       The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II.       Certification of Settlement Class

2.       Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class," consisting of:

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement, Dkt. No. _____, have the same meaning as set forth in the Settlement Agreement.

All persons within the United States to whom Quality Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made a telephone call through the Spitfire dialing software and/or system (*i.e.,* an automated telephone dialing system or an artificial or prerecorded voice) to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call for the purpose of promoting Total Merchant Services, Inc.'s goods or services from July 5, 2013 through June 8, 2018. These individuals are identified on the Class List.

## III.    Class Representative and Class Counsel

3.      The Court preliminarily appoints Plaintiff Sidney Naiman as Class Representative.

4.      Under Rule 23(g), the following attorneys and firms are preliminarily appointed as

Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>           -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>           -and-
> Jon Bernhard Fougner
> 600 California Street, 11th Floor
> San Francisco, CA 94108
>           -and-
> Andrew Heidarpour
> Heidarpour Law Firm
> 1300 Pennsylvania Ave NW, 190-318
> Washington, DC 20004

## IV.    Rule 23 Requirements

5.      The Court preliminarily finds that the prerequisites for a class action under Federal

Rules of Civil Procedure 23(a) have been satisfied in that: (a) Settlement Class Members are so

numerous that joinder of them all is impracticable; (b) there are questions of law and fact common

to the Settlement Class Members; (c) the claims of the Class Representative are typical of the

2
[Proposed] Preliminary Approval Order

claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately represent the interests of the Settlement Class Members

6.      The Court further finds that the requirements for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.      Preliminary Approval of the Settlement

7.      Pursuant to the Settlement Agreement, Defendant has agreed to pay Seven Million Five Hundred Thousand Dollars ($7,500,000) to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be exclusively paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, the costs of notice and administration and any other expenditure authorized by the Court are deducted. In addition to payments from the Settlement Fund, Defendant has also agreed that it will take remedial steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone service as alleged by Plaintiff in this Action.

8.      Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

30002041v2
35845372v1

## VI.    Notice and Administration

9.    The Court appoints Epiq to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement—including effectuating the Notice Plan—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10.    The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2) and the requirements of due process.

11.    The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **[21 days after preliminary approval].** Class Counsel shall, before the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

12.    All costs of providing Class Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be exclusively paid out of the Settlement Fund, as provided by the Settlement Agreement, but the cost award to the Settlement Administrator shall not be approved until the Final Approval Hearing.

## VII.    Exclusion and "Opt-Outs"

13.    Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the

30002041v2
35845372v1

Settlement in a timely and proper manner, as hereinafter provided.

14.     A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, which must be received no later than **[81 days after preliminary approval]** by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone number(s). Further, the written request for exclusion must include the case name and number, a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

15.     Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

16.     All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

17.     The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted out of the

Settlement with the Court before the Final Approval Hearing.

## VIII.   Objections

18.      Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative, must submit to the Clerk and Class Counsel a written statement that includes: his or her full name and address; the telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether he or she intends to appear at the Final Approval Hearing and, if so, whether he or she intends to appear with counsel. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before **[81 days after preliminary approval]**, such objections and any supporting papers are filed in writing with the Clerk of this Court, who is ordered to scan them onto the electronic case docket.

19.      A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of

30002041v2
35845372v1

the Settlement, will be heard at the Final Approval Hearing.

20.     Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**IX.     Application for an Award of Attorneys' Fees, Costs and an Incentive Award**

21.     Any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses must be filed on or before [**30 days after preliminary approval**].

**X.     Final Approval Hearing**

22.     A Final Approval Hearing will be held before the Court on **[at least 100 days after preliminary approval] at_____ x.m.** for the following purposes:

(a)     to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees and expenses of Class Counsel;

7
[Proposed] Preliminary Approval Order

(e)     to consider the application for a compensation award to the Class Representative;

(f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

23.     On or before fourteen (14) days before the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval.

24.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

25.     For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:**          _____, 2018

**Incentive Award and Fee Application:**  _____, 2018

**Objection/Exclusion Deadline:**        _____, 2018

**Claim Deadline:**                      _____, 2018

**Final Approval Submissions:**          _____, 2019

**Final Approval Hearing:**              _____, 2019 at _____ x.m.

26.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## XI.     Further Matters

[Proposed] Preliminary Approval Order

27.     All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become Final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

29.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2018              _____
                                               United States District Court

[Proposed] Preliminary Approval Order