Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

[Additional Counsel Appear on Signature Page]

***Attorneys for Plaintiff Sidney Naiman and the Proposed Class***

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TOTAL MERCHANT SERVICES, INC. and QUALITY MERCHANT SERVICES, INC.,<br><br>Defendants. | NO. 4:17-cv-03806-CW<br><br>STIPULATION AS TO CHANGES TO CLASS ACTION SETTLEMENT |

1      **WHEREAS**, on August 29, 2018, a class action settlement agreement ("Agreement" or

2  "Settlement Agreement") was entered into by and among Sidney Naiman ("Plaintiff"),

3  individually and on behalf of the class of persons he seeks to represent (the "Settlement Class"),

4  and Total Merchant Services, Inc. ("Defendant") (Plaintiff, the Settlement Class, and Defendant

5  collectively, the "Parties"). The Settlement Agreement was intended by the Parties to fully,

6  finally, and forever resolve, discharge, and settle this Action and the Released Claims with

7  prejudice, upon and subject to the terms and conditions of the Agreement, and subject to the final

8  approval of the Court. Terms not defined herein are intended to have their meaning as defined

9  therein.

10      **WHEREAS**, on October 9, 2018, the Court held a hearing regarding preliminary

11  approval of the Agreement. The Court provided its feedback to the Parties regarding the

12  Agreement and the class notice and claims process contemplated thereby. The Parties endeavor

13  to reflect the Court's feedback in an amendment to their Agreement and to the class notice and

14  claims process contemplated thereby. Defendant Quality Merchant Services, Inc. ("Quality")

15  joins in this Stipulation.

16      **NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG**

17  **PLAINTIFF, DEFENDANT AND QUALITY MERCHANT SERVICES, INC. AS**

18  **FOLLOWS**:

19                    **<u>Warranties of Defendants</u>**

20  1.     Defendant agrees, represents, and warrants that to the extent it uses an automatic

21  telephone dialing system and/or artificial or prerecorded voice message, Defendant will promptly

22  stop using such automatic telephone dialing systems and/or artificial or prerecorded voice

23  messages to contact cellular telephones for telemarketing purposes without the recipient's prior

24  express written consent.

25  2.     Quality agrees, represents and warrants that it will immediately and permanently cease

26  and desist from using automatic telephone dialing systems and artificial or prerecorded voice

27  messages similar to the Spitfire dialing system used in this case (i.e. a computer-based dialing

28  system) for any telemarketing purposes without the recipient's prior express written consent.

3.      Defendant and Quality represent and warrant that there is no overlap in their ownership structures, boards of directors, or staff.

4.      Quality represents and warrants that its net worth is less than $25,000.

### Changes to the Settlement Language

5.      The definition of "Settlement Class" in section 1.41 is changed to mean the following: "all persons within the United States to whom Quality Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made a telephone call using the Spitfire dialing software and/or system to any telephone number assigned to a cellular telephone service for the purpose of promoting Defendant's goods or services from July 5, 2013 through June 8, 2018. These individuals are identified on the Class List. Excluded from the Settlement Class are the following: (1) any trial judge who may preside over this Action; (ii) Defendant; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing Persons; (vi) any member of the Settlement Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; and (vii) any Person who has previously given a valid release of the claims asserted in the Action."

6.      The new definition of "Settlement Class" in the immediately preceding paragraph removes the qualifier "(i.e., an automated telephone dialing system or an artificial or prerecorded voice)" from the definition of the Spitfire dialer and removes from the Settlement Class people who received calls only to a (non-cellular) "service for which the called party is charged for the call."

7.      Section 4.3(d) is changed to the following: "If any amounts remain in the Settlement Fund because any Settlement Class Member fails to cash his/her/its Benefit Check, or such Benefit Check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the remaining Settlement Fund to the Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis (with pro ration based on shares as set forth in Section 4.3(b) of this Settlement Agreement), except that no check under $5 shall be issued or mailed.Any remaining Settlement Funds shall be distributed to the Cy-Pres Recipient."

8.     The new section 4.3(d) in the immediately preceding paragraph changes the distribution plan insofar as it specifies the exact monetary thresholds ($5) for ending distributions to class members and for distributing leftover unclaimed funds to the Cy-Pres Recipient, whereas the prior language referred less precisely to whether further distributions were "administratively and economically feasible."

9.     The release in section 6.1 is changed to the following: "The Releasing Parties do hereby release and fully, finally, and forever discharge the Released Parties from all claims, debts, controversies, losses, liabilities, liens, demands, causes of action, suits, damages (including, but not limited to, actual, statutory, trebled, exemplary, or punitive), fees (including, but not limited to, attorneys' fees), expenses, and obligations of any kind or nature whatsoever, whether in law or in equity, whether known or unknown, fixed or contingent, claimed or unclaimed, direct or indirect, individual or representative, arising out of or relating to any telemarketing, solicitation, or other marketing or dissemination that was made by QMS, Michael Alimento, and/or Brian Alimento on behalf of Defendant promoting Total Merchant goods or services by way of the actual or alleged use of the Spitfire dialing system arising under the TCPA or similar federal or state laws governing such matters, and any rule or regulation thereunder, including the claims alleged in the SAC, from, the beginning of time through the date of signature of this Settlement Agreement. This release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor as of the date of the Final Approval and Judgment, which release is meant to and constitutes a waiver and relinquishment, without limitation, of Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

10.     The new "Released Claims" section 6.1 in the immediately preceding paragraph changes the **bold** terms and deletes the *italicized* terms found in the prior release, as follows:

1   <u>Old Release</u>

2   ". . . was made by **or** on behalf of Defendant promoting **its** goods or services **including** the

3   actual or alleged use of an **automatic telephone dialing system or an artificial or prerecorded**

4   **voice** *or otherwise* arising under the TCPA or similar federal or state laws governing such

5   matters, and any rule or regulation thereunder, including*, without limitation,* the claims alleged . .

6   ."

7   <u>New Release</u>

8   "was made by **QMS, Michael Alimento, and/or Brian Alimento** on behalf of Defendant

9   promoting **Defendant's** goods or services **via** the actual or alleged use of **the Spitfire dialing**

10   **system** arising under the TCPA or similar federal or state laws governing such matters and any

11   rule or regulation thereunder, including the claims alleged . . ."

12   11.      The new "Released Claims" section 6.1 also makes clear that the TCPA's statute of

13   limitations will not apply to claims with a different statute of limitations by changing "from **four**

14   **years before the filing of the Action** until the date of signature of this Settlement Agreement" to

15   "from**, for each such claim, the beginning of time through** the date of signature of this

16   Settlement Agreement."

17   12.      The covenant not to sue in section 6.5 is changed to the following: "Plaintiff and the

18   Settlement Class Members agree and covenant not to sue any of the Released Parties with

19   respect to any of the Released Claims and agree forever to be barred from filing, instituting,

20   maintaining, collecting, proceeding against, or seeking to establish liability against any of the

21   Released Parties in any federal, state, or local court or forum, in or before any administrative

22   agency, or in any other proceeding in any forum with respect to any of the Released Claims."

23   13.      The new covenant-not-to-sue provision in section 6.5 in the immediately preceding

24   paragraph deletes "and agree not to otherwise assist others in doing so" from the original

25   document and changes "**based upon, arising out of, related to, or otherwise in connection**

26   **with, in whole or in part,** the Released Claims" to "**with respect to any of** the Released

27   Claims."

28

**Exhibits to the Settlement Agreement**

14.     Attached hereto as Exhibit A is a revised long-form notice, which replaces the long-form notice attached (as Exhibit 2) to the Settlement Agreement. The revised long-form notice corrects a typographical error in the final bullet point of the first page by adding a semi-colon and a space between "(508) 221-1510" and "access", so that the result reads: "(508) 221-1510; access".

15.     Attached hereto as Exhibit B is a revised postcard notice, which replaces the postcard notice attached (as Exhibit 3) to the Settlement Agreement. The revised postcard notice:

a.      increases the font size on the front from 6.5 (front) and 8 (back) to 12;

b.      makes the language more concise, approachable and personalized; and

c.      adds to the front the following language in bold and all capitals: "**A CLASS ACTION SETTLEMENT MAY ENTITLE YOU TO A CASH PAYMENT, BECAUSE YOUR NAME WAS ON A LIST OF PEOPLE WHO GOT PAYMENT-PROCESSING MARKETING CALLS**".

16.     The Parties agree, represent and warrant that a toll-free number will be included in the postcard and long-form notice for class members to call.

17.     Attached hereto as Exhibit C are revised mock-ups of the settlement website, which replace the mock-ups of the settlement website attached (as Exhibit 4) to the Settlement Agreement. The revised mock-ups eliminate the *lorem ipsum* placeholder text.

18.     The Parties stipulate that, at a minimum, the following documents will be posted on the Settlement Website:

a)      The Second Amended Complaint, Dkt. No. 41;

b)      The Settlement Agreement, including all exhibits thereto, Dkt. No. 92-1;

c)      This Stipulation as to Changes to Class Action Settlement;

d)      Plaintiff's Motion for Preliminary Approval, Dkt. No. 92;

e)      This Court's Order granting Plaintiff's Motion for Preliminary Approval, should such Order issue;

1   f)      The forthcoming Plaintiff's Motion for Attorneys Fees, Costs and an Incentive Award,

2   which shall include the estimated cost of administration as well as class counsel's estimated

3   lodestar to date, calculated based on hourly rate and hours worked;

4   g)      This Court's Order granting Plaintiff's Motion for Attorneys Fees, Costs and an Incentive

5   Award, should such Order issue;

6   h)      The forthcoming Plaintiff's Motion for Final Approval of Class Action Settlement; and

7   i)      This Court's Order granting Plaintiff's Motion for Final Approval, should such Order

8   issue.

9                          **Representations of Plaintiff's Counsel**

10  19.     Attached hereto as Exhibit D is an affidavit of Anthony Paronich confirming that the 10%

11  projected claim rate is a conservative estimate based on his involvement in approximately 25

12  TCPA class settlements. In his cases, the claim rate has tended to fall in the 5-8% range.

13  20.     Also explained in the affidavit is Plaintiff's counsel's consideration of whether to

14  recommend a claims process in this matter. Mr. Paronich explains that he has been class counsel

15  for TCPA settlements that have included a claims process and for those that have not, and

16  considered both approaches for the Settlement. Here, the data obtained by Quality for its

17  telemarketing was purchased over the internet from a non-verifiable database. It did not include

18  names or addresses for over 10,000 members of the putative settlement class. The names and

19  addresses that were included were at times indecipherable or clearly false. A claims process

20  prevents fraudulent claims and is necessary here because this is not the type of case, such as an

21  employment case, where the defendant has verified payroll records containing the names,

22  addresses, and social security numbers of all class members. It would be inefficient,

23  counterproductive, and potentially harmful to class members through increased costs to mail

24  checks without a claims process to verify that the information is reliable. As a result, Plaintiff's

25  counsel is recommending a claims process here. However, imperative to Plaintiff's counsel's

26  recommendation is that the claims submission process include mechanisms for encouraging

27  claims and not be burdensome. To that end, the information for class members who enter their

28  ID number from the notice will be pre-populated on the claim form, making the process fast and

1   easy. The form will also tell class members how many calls they got so they can make an

2   informed decision regarding whether or not to opt out of the settlement.

3   21.     The affidavit explains that the proposed *cy pres* recipient, National Consumer Law

4   Center ("NCLC"), is a national organization and thus geographically appropriate *cy pres*

5   recipient for a national class settlement.

6                              **Warranties of the Administrator**

7   22.     The Administrator has warranted to the Parties that it shall monitor and record the details

8   of every successful and failed delivery of direct notice and distribution. The Administrator has

9   warranted that these records shall include, at a minimum, the name and address of the addressee

10  and the result of each mailing. The Administrator shall preserve these records for at least 5 years

11  and make them available to the Court or the Parties upon request.

12  23.     The Administrator has warranted to the Parties that the proposed estimated total

13  administrative cost for the settlement is $128,530, based on an estimated 8% claims rate, which

14  is consistent with Mr. Paronich's affidavit.

15  24.     The Administrator has warranted to the Parties that it will provide the declaration

16  contemplated by section 7.4 of the Settlement Agreement no later than 21 days before the Final

17  Approval Hearing.

18  25.     Attached hereto as Exhibit E is an affidavit from Epiq confirming that notice required by

19  the Class Action Fairness Act was successfully sent by certified mail to 54 officials, including

20  the Attorneys General of each of the 50 states, the District of Columbia and several United States

21  Territories. The Notice was also sent by United Parcel Service to the Attorney General of the

22  United States on September 10, 2018

23                              **Revised [Proposed] Order**

24  26.     Attached as Exhibit F is a revised [Proposed] Preliminary Approval Order for the Court's

25  consideration.

26                              **Escape Clause**

27  27.     Notwithstanding anything herein to the contrary, in the event that the Settlement or the

28  Agreement does not become effective, either because the Effective Date does not occur for any

1   reason whatsoever or because the Agreement is later determined or declared to be null and void,

2   in part or in full, this Stipulation shall be null and void, *nunc pro tunc*, the Parties shall be

3   returned to the status quo *ante*, and this Stipulation shall no longer be in effect.

4          IT IS SO STIPULATED.

5

6          RESPECTFULLY SUBMITTED AND DATED on November 7, 18.

7                                          By: */s/ Anthony I. Paronich*
                                               Anthony I. Paronich, *Admitted Pro Hac Vice*
8                                              Email: anthony@broderick-law.com
                                               Edward A. Broderick, *Admitted Pro Hac Vice*
9                                              Email: ted@broderick-law.com
                                               BRODERICK & PARONICH, P.C.
10                                             99 High Street, Suite 304
                                               Boston, Massachusetts 02110
11                                             Telephone: (617) 738-7080
                                               Facsimile: (617) 830-0327
12
13                                             Matthew P. McCue, *Admitted Pro Hac Vice*
                                               E-mail: mmccue@massattorneys.net
14                                             THE LAW OFFICE OF MATTHEW P. McCUE
                                               1 South Avenue, Suite 3
15                                             Natick, Massachusetts 01760
                                               Telephone: (508) 655-1415
16                                             Facsimile: (508) 319-3077
17
18                                             Andrew W. Heidarpour, *Admitted Pro Hac Vice*
                                               E-mail: AHeidarpour@HLFirm.com
19                                             HEIDARPOUR LAW FIRM, PPC
                                               1300 Pennsylvania Ave. NW, 190-318
20                                             Washington, DC 20004
                                               Telephone: (202) 234-2727
21
22                                             ***Attorneys for Plaintiff Sidney Naiman and the***
                                               ***Proposed Class***
23
24                                             */s/ Lawren A. Zann*
                                               Beth-Ann Krimsky, *Admitted Pro Hac Vice*
25                                             Email: beth-ann.krimsky@gmlaw.com
                                               Lawren A. Zann, *Admitted Pro Hac Vice*
26                                             Email: lawren.zann@gmlaw.com
                                               GREENSPOON MARDER
27                                             200 East Broward Blvd., Suite 1800
                                               Fort Lauderdale, FL 33301
28                                                              9

Telephone: (954) 527-2427
Facsimile: (954) 333-4027

***Attorneys for Defendant Total Merchant
Services, Inc.***

*/s/ Kevin Liu*
Kevin Liu (State Bar No. 295287)
Email: kliu@grsm.com
GORDON & REES LLP
275 Battery St., Ste. 2000
San Francisco, CA 94111
Telephone: (415) 875-4383
Facsimile: (415) 986-8054

***Attorneys for Defendant Quality Merchant
Services, Inc.***

## CERTIFICATE OF SERVICE

I, Jon B. Fougner, hereby certify that on November 7, 18, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

By: *Jon B. Fougner*

Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

# EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Naiman v. Total Merchant Services, Inc.,* Civil Action No. 4:17-cv-03806-CW

## If a call from Defendant or Quality Merchant Services, Michael Alimento, or Brian Alimento on behalf of Defendant was directed to your cellular telephone, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Defendant Total Merchant Services, Inc. ("Defendant") has agreed to pay Seven Million Five Hundred Thousand Dollars ($7,500,000) into a fund from which eligible persons or entities who file claims will receive cash awards. The amount of your recovery will be based on the number of calls you received and the number of people who file valid claims, but the minimum amount each valid claimant is expected to receive is $225.  You can see the number of calls you received by inputting your phone number on the settlement website: www.XXX.com

- The website also has a copy of the Settlement Agreement, which defines the special terms used in this Notice.

- The settlement resolves a lawsuit involving allegations that Quality Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made automated telemarketing calls and/or calls using an artificial or prerecorded voice on the Defendant's behalf from July 5, 2013 through June 8, 2018 to cellular telephone lines using the Spitfire dialing system.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for One Million Eight Hundred Seventy-Five Thousand Dollars ($1,875,000) of the fund as attorneys' fees for the time they spent investigating the facts, litigating the case, and negotiating the settlement. Class counsel will also ask the Court to reimburse them an amount not to exceed $20,591.19 for the out-of-pocket expenses they incurred in pursuing the case.

- Defendant denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Defendant does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiff and the class could have won at trial.

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.XXX.com; contact Class Counsel at Broderick & Paronich, P.C., 99 High St., Suite 304, Boston, MA 02110, (508) 221-1510; access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or visit the office of the Clerk of the Court for the United States District Court for the Northern District of

California, 1301 Clay St., Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

- **PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE** | Ask for payment. This is the only way to receive a payment from this Settlement. |
| **EXCLUDE YOURSELF BY DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendant about the legal claims being resolved. |
| **OBJECT BY DATE** | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the settlement. To be heard, you must have timely objected. |
| **DO NOTHING** | Get no payment. Give up right to ever be part of any other lawsuit against Defendant about the legal claims in this case. |

# BASIC INFORMATION

## 1. What is this notice and why should I read it?

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Naiman v. Total Merchant Services, Inc.*, Civil Action No. 4:17-cv-03806-CW in the United States District Court for the Northern District of California. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

## 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM

35845320v1

Here, the class representative alleges that from July 5, 2013 through June 8, 2018 Defendant violated the Telephone Consumer Protection Act ("TCPA") by the fact that Quality Merchant Services, Inc., Michael Alimento and/or Brian Alimento, on behalf of Defendant, made automated telemarketing calls and/or calls using an artificial or prerecorded voice through the Spitfire dialing system to cellular telephones and numbers for which the called party is charged for incoming calls. The class representative alleges that Defendant did not have the recipients' permission to make these calls.

The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge Claudia Wilken (the "Court") is in charge of this class action.

Defendant denies that it did anything wrong and that this case would be certified as a class action in litigation.

## THE SETTLEMENT

**3. Why is there a settlement?**

The Court has not decided in favor of Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

## WHO IS IN THE SETTLEMENT?

**4. How do I know if I am a part of the Settlement?**

You are likely in the Settlement Class if, between July 5, 2013 and June 8, 2018, Quality Merchant Services called your cell phone. You can check whether you are in the Settlement Class by entering your phone number at www.XXX.com.

If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**5. What does the Settlement provide?**

Defendant has agreed to pay Seven Million Five Hundred Thousand Dollars ($7,500,000) to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, service awards, and settlement administration expenses have been deducted.

Defendant has also agreed that it will take remedial steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service in response to the allegations and claims asserted in this lawsuit. .

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM
35845320v1

**6. How much will my payment be?**

Your share of the settlement will depend on the number of Claim Forms that Settlement Class Members submit, and the amount of calls you received, but the minimum amount valid each claimant is estimated to receive is $225. In particular, the payment to each participating Settlement Class Member will be proportionate to the number of calls he or she received. It is likely that the actual minimum payment may be more than that, because not every person who could submit a claim does so, and the leftover amount goes to the people who do submit valid claims. You can learn the number of calls you received by inputting your phone number on the settlement website: www.XXX.com

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**7. How do I make a claim?**

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. There are multiple ways to submit a Claim Form. A paper Claim Form is available by calling 1-XXX-XXX-XXXX. Read the instructions on the postcard carefully, fill out the form, sign it, and mail it postmarked no later than Month XX, XXXX. You may also submit a Claim Form online by going to the Settlement Website at www.XXX.com and following directions. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

Total Merchant Telemarketing Settlement
Settlement Administrator
Epiq
P.O. Box. XXXX
City, State Zip Code

**8. When will I get my payment?**

The Court will hold a hearing to decide whether to approve the settlement. The hearing is expected to be on Month XX, XXXX, and if the hearing date changes, the updated date will be posted to www.XXX.com. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

**9. What am I giving up to get a payment and stay in the Class?**

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Defendant regarding the claims that are subject to the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it

carefully. To summarize, the release includes, but is not limited to, telemarketing-related claims that arise out of the improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" by, or on behalf of, Defendant to make telephone calls to cellular phones.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendant, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

| 10. How do I get out of the Settlement? |
|---|

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Naiman v. Total Merchant Services, Inc.*, Civil Action No. 4:17-cv-03806-CW settlement. Your letter must state that you wish to be excluded from this settlement, include your name, address, and telephone number and be signed by you. You must mail your exclusion request postmarked no later than Month XX, XXXX to the following address:

Total Merchant Telemarketing Settlement
Settlement Administrator
Epiq
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

| 11. If I don't exclude myself, can I sue Total Merchant for the same thing later? |
|---|

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

| 12. If I exclude myself, can I get anything from this Settlement? |
|---|

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

# THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
|---|

The Court has appointed Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, Heidarpour Law Firm and Jon Fougner to represent you and other Settlement Class Members. These lawyers are called

35845320v1

Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers be paid? |
| --- |

Class Counsel will ask the Court to approve payment of up to One Million Eight Hundred Seventy-Five Thousand Dollars ($1,875,000) to them for attorneys' fees. This amounts to 25% of the total fund.  Class Counsel will also seek recovery of their actual expenses spent on the litigation not to exceed $20,591.19. These payments would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request a service award of $10,000 for the named Plaintiff to compensate him for his time and effort. The Court may award less than these amounts.

If there is money left over that is too small to be practicably distributed to class members, the Parties have proposed to the Court that it go to the National Consumer Law Center ("NCLC"). NCLC is a nonprofit organization that works for consumer justice and economic security for low-income and other disadvantaged people, including advocating against illegal telemarketing.

# OBJECTING TO THE SETTLEMENT

| 15. How do I object to the Settlement? |
| --- |

You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing, in which case you may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Naiman v. Total Merchant Services, Inc.*, Case Number 4:17-cv-03806-CW), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [DATE].

The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Settlement Class, including your full name, address, telephone number, and signature; (b) include a statement of your specific factual and/or legal objections, as well as any witness testimony and documents that you would like the Court to consider; (c) provide the name and contact information of any attorney you intend to have assert your objections before the Court; (d) state whether you intend to appear at the Final Approval Hearing.

| 16. What's the difference between objecting and excluding myself from the Settlement? |
| --- |

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer directly affects you.

# THE COURT'S FAIRNESS HEARING

## 17. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court is expected to hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable Claudia Wilken at the U.S. District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses, and the incentive award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing are subject to change by Court Order without further notice to the class. You may check www.XXX.com or https://ecf.cand.uscourts.gov to check if the date has changed.

# DO I HAVE TO ATTEND THE HEARING

## 18. Do I have to come to the hearing?

Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

## 19. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must state that you intend to appear at the hearing in your objection. Be sure to include your name, address, telephone number, that you are a Class Member, and your signature. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 20. What happens if I do nothing at all? |
|---|

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the legal issues released in this case.

## GETTING MORE INFORMATION

| 21. How do I get more information? |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXX.com. You can also get a copy of the Settlement Agreement by writing to any of the Court-appointed attorneys.

You can call 1-XXX-XXX-XXXX toll-free; write to Total Merchant Telemarketing Settlement, Epiq, P.O. Box XXXX, City, State Zip Code; or visit the website at www.XXX.com, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

35845320v1

# EXHIBIT B

*Naiman v. Total Merchant Services, Inc.*, Settlement
Administrator
P.O. Box 3770
Portland, OR 97208-3770

**A CLASS ACTION SETTLEMENT MAY
ENTITLE YOU TO A CASH PAYMENT,
BECAUSE YOUR NAME WAS ON A LIST OF
PEOPLE WHO GOT PAYMENT-PROCESSING
MARKETING CALLS**

The purpose of this postcard is to let you know that a
proposed settlement has been reached in *Naiman v.
Total Merchant Services, Inc.*, No. 4:17-cv-03806-CW,
in Oakland, California. You have options but limited
time to exercise them. Because your rights will be
affected by this settlement, we ask you to please read
this notice carefully.

Unique ID: <<XXXXXXXXXXXXXXX>>
Please use the above unique ID to file a claim online at
www.XXXXXXXXXXX.com

Postal Service: Please do not mark barcode

«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

«Barcode»

*This is a <u>short summary</u>. Visit <u>www.XXXXXXXXX.com</u> or call 1-877-327-1109 for more details or a claim form.*

**What is this about?** According to a database, calls marketing payment processing services may have been made to you and others. Allegedly, these calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, so a class action was filed. This is a notice of a pending settlement of that lawsuit.

**How much money can I get?** The settlement creates a fund of $7,500,000. Of that, class counsel will ask for slightly over $2 million for attorneys' fees, expenses, administration costs and a service award for the class representative. The rest will go to class members. Even if all recipients of this postcard make a claim, you are expected to receive at least $<<personalized estimate based on 100% claim rate>> because records show that you received <<X>> calls.

**How can I get a payment?** You must complete a claim form by XX, XXXXXX, XXXX. Claim forms may be completed online at www.XXXXXXXXX.com or by mailing a paper form, which you can request at 1-877-327-1109.

**What are my options?** If you are a settlement class member and submit a claim form or do nothing, and the court approves settlement, you will give up your right to sue. You may opt out of the settlement. If you do, you will not receive a payment, but you will be free to pursue whatever legal rights you may have at your own risk and expense. To opt out, mail a request to: *Naiman v. Total Merchant Services, Inc.* Settlement Administrator, P.O. Box 3770, Portland, OR 97208-3770 by XX, XXXXXX, XXXX, with your full name, address, and telephone number(s), a statement that you wish to be excluded from the *Naiman v. Total Merchant Services, Inc.*, No. 4:17-cv-03806-CW settlement, and your signature.

You can ask the court to deny approval by filing an objection that (a) references *Naiman v. Total Merchant Services, Inc*, No. 4:17-cv-03806-CW and (b) is mailed to Class Action Clerk, U.S.D.C. N.D. Cal., 1301 Clay St., Oakland, CA 94612 or filed in person at any location of that court on or before XX, XXXXXX, XXXX.

**When will the settlement be finally approved?** The court intends to hold a hearing at [DATE] and Time at 1301 Clay St. That date may change without further notice. You may check the website below for updates.

**Where can I learn more?** For more detail and contact information, please see www.XXXXXXXXX.com.

*This is a short summary. Visit www.XXXXXXXXX.com or call 1-877-327-1109 for more details or a claim form.*

# EXHIBIT C

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home     FAQs     Documents     Submit a Claim     Contact Us

## Welcome to the Information Website for the Naiman v. Total Merchant Services, Inc. Settlement

If You Received an Automated Call or a Call Using an Artificial or Prerecorded Voice from or on Behalf of Total Merchant Services, Inc., You Could Get a Payment from a Class Action Settlement.

This Settlement resolves a lawsuit involving allegations that Total Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made automated telemarketing calls and/or calls using an artificial or prerecorded voice on the Defendant's behalf from July 5, 2013 through June 8, 2018 to cellular telephone lines using the Spitfire dialing system. As part of the proposed Settlement, Defendant does not admit to any wrongdoing and continues to deny the allegations against it.

### Class Members' Rights and Options

| | |
|---|---|
| **Submit a Claim** | To submit a Claim and receive a cash award, click here to file your Claim online. You must do so by XX-XX-XXXX. You also may submit a Claim Form to the Settlement Administrator by mail. Click here to download a paper Claim Form. Your mailed Claim Form must be postmarked by XX-XX-XXXX. |
| **Opt Out** | You may opt out by mailing a letter to the Settlement Administrator or by submitting an online request here by XX-XX-XXXX. If you do not opt out, you give up your right to sue Pivotal and the other Released Parties about the Settled Claims. However, you still may be able to sue the Defendant. If you opt out, you will not receive a payment from the fund. See FAQ X for instructions. |
| **Object** | If you do not exclude yourself, you may object to the Settlement. You must send your signed, written objections to the Court by XX-XX-XXXX, and provide the reasons for your objection. See FAQ X for instructions. |
| **Do Nothing** | If you do nothing, you will not receive any payment and will lose the right to sue. You will be considered part of the Class, and you will be bound by the Court's decision with respect to the Settlement. |

[ Start Your Claim Form ]     [ Check Your Phone Calls ]

### Current Status

The Court in charge of this case still has to decide whether to approve the Settlement. A Final Approval Hearing has been scheduled for XX-XX-XXXX.

### Important Dates

XX-XX-XXXX – XX-XX-XXXX
Class Period

XX-XX-XXXX
Deadline to Exclude Yourself from the Settlement

XX-XX-XXXX
Deadline to File a Claim

XX-XX-XXXX
Deadline to Object to the Settlement

XX-XX-XXXX
Final Approval Hearing

Submit a Claim     Contact Us     Privacy Policy     Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home     FAQs     Documents     Submit a Claim     Contact Us

## Check How Many Calls Your Phone Number Received - Instructions

If you would like to see how many phone calls that you may submit a claim for, please provide your Class Member ID or Affected Phone Number and click "Look Up."

If you cannot locate your Class Member ID, you may instead provide your Affected Phone Number.



Class Member ID: ?

XXXXXXXXXX

**OR**

Affected Phone Number:

XXX-XXX-XXXX

Look Up

---

Submit a Claim     Contact Us     Privacy Policy     Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home    FAQs    Important Documents    Submit a Claim    Contact Us

## Submit a Claim - Instructions

If, at any time between July 5, 2013 and June 8, 2018 a qualifying event happened, you may be eligible for a payment from this class action settlement. To receive payment from this Settlement, you submit a Claim Form via this website or by mail. Claim Forms must be submitted or postmarked on or before **XX-XX-XXXX** to be deemed timely.

### How to File Online

To get started with your online Claim Form, please provide your Unique ID or Affected Phone Number and click "Login".

If you cannot locate your Unique ID, you may instead provide your Affected Phone Number.



Unique ID:

    Unique ID XXXXXXX

*Where can I find my Unique ID?*

**OR**

Affected Phone Number:

    Phone Number XXX-XXX-XXXX

Login

### How to File by Paper

If you would like to file a Claim via mail, you may download a copy of the Claim Form here. You may also call the Settlement Administrator at X-XXX-XXX-XXXX and request that one be sent to you. Fill out the Claim Form completely, sign and date it, then mail it to the Settlement Administrator at:

Settlement Administrator
P.O. Box 0000
Portland, OR 97208-0000

---

Submit a Claim    Contact Us    Privacy Policy    Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc.. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

| Home | FAQs | Important Documents | Submit a Claim | Contact Us |
|------|------|---------------------|----------------|------------|

## Submit a Claim

Please review the form and fill it out to the best of your ability. Claims Forms must be submitted on or before **XX-XX-XXXX** to be deemed timely. Claim Forms received after this deadline may not be accepted.



**If User Logins With Unique ID**

Please select the type of claimant you are: *

Individual ▾

First Name: *

First Name

Middle Initial:

MI

Last Name: *

Last Name

Country: *

United States ▾

Address 1: *

Address 1

Address 2:

Address 2

City: *

City

State: *

▾

ZIP Code: *

ZIP Code

Phone Number: *

Phone Number

Email Address: *

Email Address

---

### Claim Information:

Please provide at least one Phone Number that received a call from XX-XX-XXXX to XX-XX-XXXX. *

Affected Phone Number 1:

XXX-XXX-XXXX

Affected Phone Number 2:

XXX-XXX-XXXX

Affected Phone Number 3:

XXX-XXX-XXXX

Affected Phone Number 4:

XXX-XXX-XXXX

Next

---

Submit a Claim     Contact Us     Privacy Policy     Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

| Home | FAQs | Important Documents | Submit a Claim | Contact Us |

## Submit a Claim

Please review the form and fill it out to the best of your ability. Claims Forms must be submitted on or before **XX-XX-XXXX** to be deemed timely. Claim Forms received after this deadline may not be accepted.



If User Logins With Phone Number

Please select the type of claimant you are: *

Individual

First Name: *          Middle Initial:     Last Name: *

First Name            MI              Last Name

Country: *

United States

Address 1: *

Address 1

Address 2:

Address 2

City: *                    State: *                ZIP Code: *

City                      [          ]            ZIP Code

Phone Number: *

Phone Number

Email Address: *

Email Address

### Claim Information:

Please provide at least one Phone Number that received a call from XX-XX-XXXX to XX-XX-XXXX. *

**Number they logged in with** →

Affected Phone Number 1:                    Affected Phone Number 2:

100-000-4658                                XXX-XXX-XXXX

Affected Phone Number 3:                    Affected Phone Number 4:

XXX-XXX-XXXX                                XXX-XXX-XXXX

Next

---

Submit a Claim     Contact Us     Privacy Policy     Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

| Home | FAQs | Important Documents | Submit a Claim | Contact Us |
|------|------|---------------------|----------------|------------|

## Submit a Claim - Certification

Our records indicate the affected phone numbers associated with your Unique ID received the number of calls indicated below. Please review this information and certify that you believe to the best of your ability that it is true and correct.

### If User Logins With Unique ID

**Claim Information:**

| Affected Phone Number: | Number of Phone Calls Received: |
|------------------------|--------------------------------|
| 5418675309 | 15 |
| Affected Phone Number: | Number of Phone Calls Received: |
| 5418675309 | 15 |
| Affected Phone Number: | Number of Phone Calls Received: |
| 5418675309 | 15 |
| Affected Phone Number: | Number of Phone Calls Received: |
| 5418675309 | 15 |

**Certification:**

☐ By checking this box, I certify that the information on this form is true and correct to the best of my knowledge. *

[ Submit ]

Submit a Claim    Contact Us    Privacy Policy    Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Sidney Naiman v. Total Merchant Services, Inc.

Civil Action No. 4:17-cv-03806-CW (N.D. Cal.)

Home    FAQs    Important Documents    Submit a Claim    Contact Us

## Submit a Claim - Certification

Based on the affected phone numbers you provided, you received the number of calls indicated below. Please review this information and certify that you believe to the best of your ability that it is true and correct.

**If User Logins With Phone Number**

Claim Information:

| Affected Phone Number: | Number of Phone Calls Received: |
|---|---|
| 5418675309 | 15 |

| Affected Phone Number: | Number of Phone Calls Received: |
|---|---|
| 5418675309 | 15 |

| Affected Phone Number: | Number of Phone Calls Received: |
|---|---|
| 5418675309 | 15 |

| Affected Phone Number: | Number of Phone Calls Received: |
|---|---|
| 5418675309 | 15 |

Certification:

☐ By checking this box, I certify that the information on this form is true and correct to the best of my knowledge. *

[ Submit ]

Submit a Claim    Contact Us    Privacy Policy    Terms of Use

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

# EXHIBIT D

Jon B. Fougner (State Bar No. 314097)
Email: Jon@FougnerLaw.com
600 California Street, 11th Fl.
San Francisco, CA 94108
Telephone: (434) 623-2843
Facsimile: (206) 338-0783

[Additional Counsel Appear on Signature Page]

***Attorneys for Plaintiff Sidney Naiman and the
Proposed Class***

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, INC. and QUALITY MERCHANT SERVICES, INC.,<br><br>Defendants. | NO.  3:16-cv-05486-JCS<br><br>AFFIDAVIT OF ANTHONY I. PARONICH IN SUPPORT OF STIPULATION AS TO CHANGES TO CLASS ACTION SETTLEMENT |

I, Anthony I. Paronich, declare as follows:

1.      I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, I have extensive experience in the prosecution of class actions on behalf of consumers.

2.      On August 29, 2018, a class action settlement agreement ("Agreement" or "Settlement Agreement") was entered into by and among Sidney Naiman ("Plaintiff"), individually and on behalf of the class of persons he seeks to represent (the "Settlement Class"), and Total Merchant Services, Inc. ("Defendant") (Plaintiff, the Settlement Class, and Defendant collectively, the "Parties"). The Settlement Agreement was intended by the Parties to fully, finally, and forever resolve, discharge, and settle this Action and the Released Claims with

AFFIDAVIT OF ANTHONY I. PARONICH IN SUPPORT OF STIPULATION AS TO
CHANGES TO CLASS ACTION SETTLEMENT- 1
CASE NO. 4:17-cv-03806-CW

1  prejudice, upon and subject to the terms and conditions of the Agreement, and subject to the final

2  approval of the Court. Terms not defined herein are intended to have their meaning as defined

3  therein.

4      3.      On October 9, 2018, the Court held a hearing regarding preliminary approval of

5  the Agreement. The Court provided its feedback to the Parties regarding the Agreement and the

6  class notice and claims process contemplated thereby. The Parties endeavor to reflect the Court's

7  feedback in an amendment to their Agreement and to the class notice and claims process

8  contemplated thereby and are submitting a Stipulation reflecting those changes.

9      4.      I respectfully submit this affidavit in support of that Stipulation.

10     5.      During the Court's preliminary approval hearing, I explained that the 10%

11 projected claim rate is a conservative estimate based on my involvement in approximately 25

12 TCPA class settlements. In TCPA cases, the claim rate has tended to fall in the 5-8% range.

13 While claims rates in TCPA cases have, at times,

14     6.       I gave extensive consideration as to whether to recommend that the Court Order a

15 claims process in this matter.

16     7.      I have been Class Counsel in TCPA class action settlements that have included a

17 claims process and for those that have not and considered both approaches for the Settlement.

18     8.      Here, the data obtained by Quality for its telemarketing was purchased over the

19 internet from a non-verifiable database. It did not include names or addresses for over 10,000

20 members of the putative settlement class. The names and addresses that were included were at

21 times indecipherable or clearly false.

22     9.      A claims process prevents fraudulent claims and is necessary here because this is

23 not the type of case, such as an employment case, where the defendant has verified payroll

24 records containing the names, addresses, and social security numbers of all class members.

25

26

27

AFFIDAVIT OF ANTHONY I. PARONICH IN SUPPORT OF STIPULATION AS TO
CHANGES TO CLASS ACTION SETTLEMENT- 2
CASE NO. 4:17-cv-03806-CW

10.     It would be inefficient, counterproductive, and potentially harmful to class members through increased costs to mail checks without a claims process to verify that the information is reliable.

11.     As a result, I'm recommending a claims process here.

12.     However, imperative to my recommendation is that the claims submission process include mechanisms for encouraging claims and not be burdensome.

13.      To that end, the information for class members who enter their ID number from the notice will be pre-populated on the claim form, making the process fast and easy. The form will also tell class members how many calls they got so they can make an informed decision regarding whether or not to opt out of the settlement.

14.     The National Consumer Law Center is a national organization and thus geographically appropriate *cy pres* recipient for a national class settlement. *See e.g.* https://www.nclc.org/about-us/our-story.html ("lawyers of the National Consumer Law Center provide policy analysis, advocacy, litigation, expert witness services, and training for consumer advocates throughout the United States." Last Visited November 5, 2018)

EXECUTED at Plymouth, Massachusetts this 5th day of November, 2018.

By: /s/ Anthony I. Paronich
Anthony I. Paronich

AFFIDAVIT OF ANTHONY I. PARONICH IN SUPPORT OF STIPULATION AS TO CHANGES TO CLASS ACTION SETTLEMENT- 3
CASE No. 4:17-cv-03806-CW

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIDNEY NAIMAN, individually and on
behalf of all others similarly situated,

                   Plaintiffs,

   v.

TOTAL MERCHANT SERVICES, INC. and
QUALITY MERCHANT SERVICES, INC.,

                 Defendants.

Case No. 4:17-cv-03806-CW

**DECLARATION OF STEPHANIE J. FIERECK, ESQ.
ON IMPLEMENTATION OF CAFA NOTICE**

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.     My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.     I am the Legal Notice Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

3.     Epiq is a firm with more than 20 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.     The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

5.     At the direction of counsel for the Defendants, 55 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia and several United States Territories were identified to receive the CAFA notice.

6.     Epiq maintains a list of these state and federal officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.     On September 10, 2018, Epiq sent 55 CAFA Notice Packages ("Notice").  The Notice was mailed by certified mail to 54 officials, including the Attorneys General of each of the 50 states, the District of Columbia and several United States Territories.  The Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is attached hereto as **Attachment 1**.

8.     The materials sent to the Attorneys General included a cover letter which provided notice of the proposed settlement of the above-captioned case.  The cover letter is attached hereto as **Attachment 2**.

9.     The cover letter was accompanied by a CD, which included the following:

- Complaint for Damages and Injunctive Relief; First Amended Complaint for Damages and Injunctive Relief; and Second Amended Complaint for Damages and Injunctive Relief;

- Class Action Settlement Agreement (with exhibits);

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

- [Proposed] Final Approval Order and Judgment (see Exhibit 1 of the Settlement Agreement);

- Forms of Notice (see Exhibits 2-4 of the Settlement Agreement);

- [Proposed] Preliminary Approval Order (see Exhibit 5 of the Settlement Agreement); and

- List of Class Members and Geographic Distribution of Class Members and Proportionate Share of Claims.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 25, 2018.

Stephanie J. Fiereck, Esq.

Attachment 1

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Jeff Sessions | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

**CAFA Notice Service List**

**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Jahna Lindemuth | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Cynthia Coffman | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | George Jepsen | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 441 4th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Matt Denn | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Pam Bondi | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Russell Suzuki | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Lisa Madigan | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Curtis T Hill Jr | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Andy Beshear | Capitol Ste 118 | 700 Capitol Ave | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | 1885 N Third St | | Baton Rouge | LA | 70802 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Janet T Mills | 6 State House Sta | | Augusta | ME | 04333 |
| Department of Attorney General | Bill Schuette | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Lori Swanson | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Josh Hawley | PO Box 899 | | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Jim Hood | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Tim Fox | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | | Lincoln | NE | 68509 |
| Office of the Attorney General | Gordon MacDonald | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Gurbir S Grewal | 8th Fl West Wing | 25 Market St | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Adam Paul Laxalt | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Barbara Underwood | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Mike DeWine | 30 E Broad St 14th Fl | | Columbus | OH | 43215 |
| Office of the Attorney General | Mike Hunter | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter Kilmartin | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | Rembert Dennis Office Bldg | 1000 Assembly St Rm 519 | Columbia | SC | 29201 |
| Office of the Attorney General | Marty J Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | Utah State Capitol Complex | 350 North State St Ste 230 | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | T.J Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Brad D. Schimel | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Peter K Michael | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Attorney General Office of Guam | Elizabeth Barrett-Anderson | ITC Building | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| PR Department of Justice | Wanda Vazquez Garced | Apartado 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Claude Walker | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

Attachment 2

**NOTICE ADMINISTRATOR FOR UNITED STATES DISTRICT COURT**

HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

September 10, 2018

**VIA UPS OR USPS CERTIFIED MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
| --- |

Dear Sir or Madam:

Pursuant to the "Class Action Fairness Act," ("CAFA"), 28 U.S.C. §1715, please find enclosed information from Total Merchant Services, Inc. and Quality Merchant Service, Inc. relating to the proposed settlement of a class action lawsuit.

- **Case:** *Naiman v. Total Merchant Services, Inc. and Quality Merchant Service, Inc.*, Case No. 4:17-cv-03806-CW.

- **Court:** United States District Court for the Northern District of California.

- **Defendants:** Total Merchant Services, Inc. and Quality Merchant Service, Inc.

- **Judicial Hearing Scheduled:** At this time, a Final Approval Hearing has not been scheduled by the Court. At the time of the hearing, these matters may be continued without further notice.

- **Documents Enclosed:** Copies of the following documents are contained on the enclosed CD:

  1. Complaint for Damages and Injunctive Relief; First Amended Complaint for Damages and Injunctive Relief; and Second Amended Complaint for Damages and Injunctive Relief;

  2. Class Action Settlement Agreement (with exhibits);

  3. [Proposed] Final Approval Order and Judgment (see Exhibit 1 of the Settlement Agreement);

  4. Forms of Notice (see Exhibits 2-4 of the Settlement Agreement);

  5. [Proposed] Preliminary Approval Order (see Exhibit 5 of the Settlement Agreement); and

  6. List of Class Members and Geographic Distribution of Class Members and Proportionate Share of Claims.

Very truly yours,

Notice Administrator for United States District Court

Enclosures

# EXHIBIT F

1  Jon B. Fougner (State Bar No. 314097)
2  Email: Jon@FougnerLaw.com
   600 California Street, 11th Fl.
   San Francisco, CA 94108
3  Telephone: (415) 577-5829
   Facsimile: (206) 338-0783

4

5  [Additional Counsel Appear on Signature Page]

6  *Attorneys for Plaintiff and the Proposed Class*

7

8

   UNITED STATES DISTRICT COURT
9  FOR THE NORTHERN DISTRICT OF CALIFORNIA
   OAKLAND DIVISION
10

11  SIDNEY NAIMAN, individually and on
    behalf of all others similarly situated,          No. 4:17-cv-03806-CW

12                              Plaintiff,            **[PROPOSED] PRELIMINARY APPROVAL
                                                      ORDER**
13          v.

14  TOTAL MERCHANT SERVICES, INC.
    and QUALITY MERCHANT
15  SERVICES, INC.,

16                              Defendants.

17

18          Plaintiff Sidney Naiman has moved for preliminary approval of a proposed class settlement

19  that would resolve the Plaintiff's class-action claims brought under the Telephone Consumer

20  Protection Act, 47 U.S.C. § 227. Upon consideration of the motion, the Settlement Agreement,

21  and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, finding

22  specifically as follows.[1]

23
                                    **I.      Jurisdiction**
24

25          1.      The Court preliminarily finds that it has jurisdiction over the subject matter of this

26  action and personal jurisdiction over the parties and the members of the Settlement Class

27
    _____
28  [1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the
    Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

described below.

## II.    Certification of Settlement Class

2.       Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class," consisting of:

> All persons within the United States to whom Quality Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made a telephone call using the Spitfire dialing software and/or system to any telephone number assigned to a cellular telephone service for the purpose of promoting Defendant's goods or services from July 5, 2013 through June 8, 2018. These individuals are identified on the Class List. Excluded from the Settlement Class are the following: (1) any trial judge who may preside over this Action; (ii) Defendant; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing Persons; (vi) any member of the Settlement Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; and (vii) any Person who has previously given a valid release of the claims asserted in the Action.

## III.    Class Representative and Class Counsel

3.       The Court preliminarily appoints Plaintiff Sidney Naiman as Class Representative.

4.       Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>         -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>         -and-
> Jon Bernhard Fougner
> 600 California Street, 11th Floor
> San Francisco, CA 94108
>         -and-
> Andrew Heidarpour
> Heidarpour Law Firm

2

1300 Pennsylvania Ave NW, 190-318
Washington, DC 20004

## IV.    Rule 23 Requirements

5.     The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) Settlement Class Members are so numerous that joinder of them all is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately represent the interests of the Settlement Class Members

6.     The Court further finds that the requirements for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.    Preliminary Approval of the Settlement

7.     Pursuant to the Settlement Agreement, Defendant has agreed to pay Seven Million Five Hundred Thousand Dollars ($7,500,000) to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be exclusively paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, the costs of notice and administration and any other expenditure authorized by the Court are deducted. In addition to payments from the Settlement Fund, Defendant has also agreed that it will take the following remedial steps: (1) it has terminated its relationship with the co-defendant Quality Merchant Services, Inc. (2) it has agreed that to the extent it uses an automatic telephone dialing system and/or artificial or prerecorded voice

message, Defendant will promptly stop using such automatic telephone dialing systems and/or artificial or prerecorded voice messages to contact cellular telephones for telemarketing purposes without the recipient's prior express written consent. Furthermore, the co-defendant Quality Merchant Services, Inc. will immediately and permanently cease and desist from using automatic telephone dialing systems and artificial or prerecorded voice messages similar to the Spitfire dialing system used in this case (i.e. a computer-based dialing system) for any telemarketing purposes without the recipient's prior express written consent.

8. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, as well as the Stipulation as to Changes to Class Action Settlement and the supplemental submission thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

## VI.  Notice and Administration

9. The Court appoints Epiq to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement—including effectuating the Notice Plan— and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10. The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2) and the requirements of due process.

11.     The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **[21 days after preliminary approval].** Class Counsel shall, before the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

12.     All costs of providing Class Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be exclusively paid out of the Settlement Fund, as provided by the Settlement Agreement, but the cost award to the Settlement Administrator shall not be approved until the Final Approval Hearing.

## VII.   Exclusion and "Opt-Outs"

13.     Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

14.     A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, which must be received no later than **[81 days after preliminary approval]** by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone number(s). Further, the written request for exclusion must include the case name and number, a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the

request. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

15.    Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

16.    All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

17.    The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted out of the Settlement with the Court before the Final Approval Hearing.

### VIII.   Objections

18.    Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative, must submit to the Clerk and Class Counsel a written statement that includes: his or her full name and address; the telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval

Hearing; and a statement of whether he or she intends to appear at the Final Approval Hearing and, if so, whether he or she intends to appear with counsel. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before **[81 days after preliminary approval]**, such objections and any supporting papers are filed in writing with the Clerk of this Court, who is ordered to scan them onto the electronic case docket.

19.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

20.     Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**IX.     Application for an Award of Attorneys' Fees, Costs and an Incentive Award**

21.     Any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses must be filed on or before **[30 days**

**after preliminary approval**].

### X.      Final Approval Hearing

22.      A Final Approval Hearing will be held before the Court on **[at least 100 days after preliminary approval] at _____ x.m.** for the following purposes:

(a)      to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are met;

(b)      to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)      to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)      to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)      to consider the application for a compensation award to the Class Representative;

(f)      to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)      to rule upon such other matters as the Court may deem appropriate.

23.      On or before fourteen (14) days before the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval.

24.      The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in

accordance with the Settlement Agreement that will adjudicate the rights of all class members.

25.     For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:**          _____, 2018

**Incentive Award and Fee Application:**   _____, 2018

**Objection/Exclusion Deadline:**       _____, 2018

**Claim Deadline:**                _____, 2018

**Final Approval Submissions:**         _____, 2019

**Final Approval Hearing:**           _____, 2019 at _____ x.m.

26.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## XI.     Further Matters

27.     All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become Final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or

proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

29.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2018          _____

United States District Court

[PROPOSED] PRELIMINARY APPROVAL ORDER
*Naiman v. Total Merchant Servs., Inc.*, Case No. 4:17-cv-03806-CW