UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, INC., and QUALITY MERCHANT SERVICES, INC.,<br><br>Defendants. | Case No. 4:17-cv-03806-CW |

**[PROPOSED]**
**FINAL APPROVAL ORDER AND JUDGMENT**

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. Dkt. No. 104 (the "Motion"). The Court preliminarily approved the Settlement Agreement[1] on November 13, 2018, Dkt. No. 102, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the Motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

### I.   Jurisdiction

1.   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

### II.   Class Definition

2.   Under Federal Rule of Civil Procedure 23(c), the Court certifies the following

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement, Dkt. No. 92-1, have the same meaning as set forth in the Settlement Agreement and the stipulation amending it, Dkt. No. 101-1.

"Settlement Class," consisting of:

> All persons within the United States to whom Quality Merchant Services, Inc., Michael Alimento, and/or Brian Alimento made a telephone call through the Spitfire dialing software and/or system (*i.e.,* an automated telephone dialing system or an artificial or prerecorded voice) to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call for the purpose of promoting Total Merchant Services, Inc.'s goods or services from July 5, 2013 through June 8, 2018. These individuals are identified on the Class List.
>
> Excluded from the Settlement Class are the following: (i) any trial judge who may preside over this Action; (ii) Defendant; (iii) any of the Released Parties; (iv) Class Counsel and their employees; (v) the immediate family of any of the foregoing Persons; (vi) any member of the Settlement Class who has timely submitted a Request for Exclusion by the Objection/Exclusion Deadline; and (vii) any Person who has previously given a valid release of the claims asserted in the Action.

### III. Class Representative and Class Counsel

3. Under Federal Rule of Civil Procedure 23, Sidney Naiman is hereby appointed as Class Representative.

4. The following are hereby appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>     -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>     -and-
> Jon Bernhard Fougner
> 600 California Street, 11th Floor
> San Francisco, CA 94108
>     -and-
> Andrew Heidarpour
> Heidarpour Law Firm
> 1300 Pennsylvania Ave NW, 190-318
> Washington, DC 20004

### IV. Rule 23 Requirements

5. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6. Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.    Notice and Opt-outs

7. The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort.

8. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9. All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. The list of persons submitting notices seeking exclusion from the Settlement Class, submitted by the Settlement Administrator pursuant to the Preliminary Approval Order, is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

## VI.    Final Approval of the Settlement

10. Pursuant to the Settlement Agreement, Defendant has agreed to pay seven million

five hundred thousand dollars ($7,500,000) to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a share of the Settlement Fund after attorneys' fees and costs, Class Representative's award, and the costs of notice and administration are deducted. Defendants have also represented that they have taken steps to ensure compliance with respect to the telemarketing violations alleged in the Second Amended Complaint, Dkt. No. 41.

11. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of Plaintiff, Settlement Class Members, and Defendant. The Court has not received any objections from any person regarding the Settlement. The Court held a hearing on April 2, 2019, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under CAFA was effectuated on September 10, 2018, and that 90 days have passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations initially presided over by a neutral mediator, the settlement benefits being made available to Settlement Class Members and the extremely positive reaction of Class Members: a 9% claim rate versus a 0.006% opt-out rate and no objections whatsoever.

13. The Settlement Administrator shall take all reasonable steps necessary to ensure

that the settlement is effectuated in a manner consistent with the Settlement Agreement.

14. If settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel and the Settlement Administrator will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099s without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to, limiting payments to be below the reportable threshold and/or withholding of taxes and any applicable penalties.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on the Released Claims.

18. The Court further orders that upon the Effective Date, the above-described

releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

19. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

### VII. Attorneys' Fees, Attorney Expenses and Class Representative's Award

20. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $1,875,000 in attorneys' fees and $20,591.19 in costs. This amount shall be exclusively paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, and having received no objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the Notice specifically and clearly advised the Class that Class Counsel would seek the award.

21. The Court approves the incentive fee payment of $10,000 for the Class Representative and specifically finds that amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be exclusively paid from the Settlement

Fund in accordance with the terms of the Settlement Agreement. Any incentive award will be reported as "other income" in Box 3 of Form 1099-MISC.

22. The Court approves payment of $95,658.28 in administration expenses to the Settlement Administrator. This amount shall be exclusively paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23. Neither this Final Approval Order and Judgment as to Defendant nor the Settlement Agreement shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

DATED: _____, 2019

_____
United States District Court